ALAVA E ITURREGUI, DEMANDANTE Y APELANTE, *v.* EL PUEBLO DE PUERTO RICO, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª., en un caso sobre indemnización de daños y perjuicios.

No. 1017.—Resuelto en febrero 2, 1914.

ACCIÓN CONTRA EL PUEBLO DE PUERTO RICO—CONSENTIMIENTO PARA SER DEMANDADO CUANDO SE DESTRUYE UNA PROPIEDAD POR ORDEN DEL SERVICIO DE SANIDAD.—El artículo 32 de la Ley No. 81 de marzo 14, 1912, sólo autoriza el ejercicio de acciones contra El Pueblo de Puerto Rico por el dueño de una propiedad que ha sido injusta e ilegalmente destruida o dañada por orden

del Servicio de Sanidad, pero nó autoriza a terceras personas perjudicadas indirectamente por dicha destrucción para demandar al Pueblo de Puerto Rico.

ID.—INTERPRETACIÓN RESTRICTIVA DE LA LEY.—El artículo 32 de la Ley No. 81 de marzo 14, 1912, por el cual El Pueblo de Puerto Rico da su consentimiento para ser demandado en ciertos casos, debe ser interpretado restrictivamente, porque sus disposiciones son en menoscabo de su soberanía y tienden a limitar sus poderes.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Eugenio Benítez Castaño.*

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Se trata de una acción contra el Pueblo de Puerto Rico en la que la parte demandante ha interpuesto apelación contra sentencia de la Corte de Distrito de San Juan, Sección 1ª., por la que resolviendo una excepción de la parte apelada, declaró sin lugar la demanda por el fundamento de que carecía de jurisdicción para resolverla, toda vez que El Pueblo de Puerto Rico no había prestado su consentimiento para que se le demandase.

No se discute por la parte apelante que se necesite el consentimiento del Pueblo de Puerto Rico para demandarle, lo que por otra parte ha sido resuelto ya en ese sentido por la Corte Suprema de los Estados Unidos, *Porto Rico* v. *Rosaly,* 227 U. S., 271, pero sostiene que el consentimiento ha sido dado para la acción que se ejercita por el artículo 32 de la Ley No. 81 para reorganizar el Servicio de Sanidad, aprobada en 14 de marzo de 1912.  Dicho artículo en lo necesario dice lo siguiente:

"Artículo 32.—Toda persona cuya propiedad haya sido injusta o ilegalmente destruída o dañada por obligar a la observancia de alguna orden, reglamento, ordenanza, o por acto alguno ejecutado por el Servicio de Sanidad, o por sus empleados o agentes exentos de responsabilidad personal, podrá sostener la acción correspondiente contra el Gobierno de Puerto Rico para recobrar los daños y perjuicios consiguientes; pero en esos casos  *    *    *.*"

Es indudable que ese precepto contiene el consentimiento

del Pueblo de Puerto Rico para se le demande en el caso que en el mismo se expresa y siempre que se cumplan ciertos requisitos previos a la demanda. Mas la cuestión surge porque quien demanda en este caso no es el dueño de la propiedad cuya destrucción ilegal e injusta, según la demanda, se ordenó y llevó a cabo por la Sanidad, sino otra tercera persona que alega haber sido perjudicada por la orden dada y ejecutada contra los dueños de la casa, ocupada en parte como arrendatario por el apelante.

La sección 32 objeto de discusión es clara. Según ella, El Pueblo de Puerto Rico consiente en que le demanden por daños y perjuicios, las personas cuya propiedad haya sido destruida o dañada injusta o ilegalmente por orden de la Sanidad, pero no contiene su consentimiento para que le demanden personas cuya propiedad no ordenó la Sanidad que se destruyera o dañara, aún cuando puedan haber sufrido perjuicios como consecuencia de la orden injusta dada contra otra tercera persona. En otras palabras, la ley sólo autoriza pleitos contra El Pueblo de Puerto Rico por daños y perjuicios a aquellas personas a quienes la Sanidad destruyó o dañó su propiedad. En consecuencia, si la Sanidad injustamente hubiera mandado destruir la propiedad de la apelante, tendría ésta derecho a demandar al apelado por los daños y perjuicios sufridos como consecuencia del cumplimiento de tal orden, sin necesidad de pedir previamente su consentimiento a la Asamblea Legislativa; pero cuando como en el caso presente la orden de destrucción no se dió contra la propiedad de la apelante, los perjuicios que ésta pueda haber sufrido al llevarse a cabo una orden injusta contra otra tercera persona, no puede reclamarlos contra El Pueblo de Puerto Rico sin que antes haya obtenido su consentimiento, ya que la sección 32 de la ley no se refiere a esta clase de personas.

Tal precepto es para nosotros sumamente claro y no necesita interpretación, pero si fuera dudoso, tendríamos que llegar a la misma conclusión porque conteniendo una excepción a la regla general de que El Pueblo de Puerto Rico no puede

ser demandado sin su consentimiento, ha de ser interpretado restrictivamente, ya que sus disposiciones son en menoscabo de su soberanía y tiende a limitar sus poderes. 24 Tex. Rep., 504; Sutherland on Statutory Construction, páginas 286 y 494; *Raymond* v. *United States,* 28 Am. St. Rep., 382.

Además, la sección 31 de la propia ley de la cual es consecuencia la 32 a que nos hemos referido, convence más de lo que dejamos expuesto. Por la sección 31 se faculta a la Sanidad para remover o abatir los daños o estorbos que hubieren dejado de hacer desaparecer el dueño, agente o inquilino de la propiedad donde existan, y por la 32, se permite la reclamación de perjuicios cuando esa orden hubiera sido injusta o ilegal. Examinadas en conjunto ambas disposiciones, tenemos que llegar también a la conclusión de que El Pueblo de Puerto Rico solamente ha consentido por esa ley las reclamaciones por daños derivados de la orden ilegal o injusta y que nada ha dicho respecto al caso de que resulten perjuicios indirectos o mediatos para otras personas, a las cuales no ha prestado su consentimiento para ser demandado.

La sentencia apelada debe ser confirmada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.