EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Nellie Padín Espinosa<br>      Peticionaria<br><br>      v.<br><br>Compañía de Fomento Industrial de<br>Puerto Rico; Travelers Indemnity Co.<br>      Recurridos | Certiorari<br><br>2000 TSPR 32 |
| --- | --- |

Número del Caso: CC-1998-0091

Fecha: 25/02/2000

Tribunal de Circuito de Apelaciones: Circuito Regional III

Juez Ponente: Hon. Igrí Rivera de Martínez

Abogados de la Parte Peticionaria: Lcdo. Ariel Rafael Cruz Rivera
                                   Lcdo. Héctor A. Cortés Babilonia

Abogados de la Parte Recurrida: Lcdo. Edgardo L. Martínez Nazario
                                Lcdo. Roberto F. López Irizarry


Materia: Daños y Perjuicios

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Nellie Padín Espinosa

    Demandante-Peticionaria

      v.                   CC-1998-91     CERTIORARI

Comp. de Fomento Industrial
de PR; Travelers Indemnity Co.

    Demandado-Recurrido

Opinión del Tribunal emitida por el Juez Asociado señor Fuster Berlingeri.

San Juan, Puerto Rico, a 25 de febrero de 2000.

Nos toca resolver cuándo comienza a transcurrir el término prescriptivo para un obrero instar una acción de daños y perjuicios contra un tercero responsable cuando el Fondo del Seguro del Estado determina que un accidente no es compensable.

I.

El 9 de septiembre de 1992, la peticionaria, Nellie Padín Espinosa, se dirigía a su automóvil al salir de su empleo en la fábrica Hanes Menswear, ubicada en el Parque Industrial de Camuy, Puerto Rico, cuando sufrió una caída en la acera que era el único acceso al área de estacionamiento de la fábrica. Como resultado de este accidente, la

peticionaria acudió a recibir tratamiento en el Fondo del Seguro del Estado (el Fondo) el 13 de octubre de 1992.

La peticionaria estuvo bajo tratamiento del Fondo hasta el 11 de mayo de 1993, cuando éste, mediante resolución emitida por su Administrador, determinó que el accidente no era compensable debido a que no estaba relacionado con el empleo. Esta decisión fue notificada el 19 de mayo de 1993.

El 18 de mayo de 1994, la peticionaria presentó una acción de daños y perjuicios por los hechos antes relatados contra el Municipio de Camuy, el Estado Libre Asociado, Compañía XYZ y John Doe. Posteriormente, el 1 de julio de 1994, Padín Espinosa desistió de su reclamación contra el Municipio y el E.L.A. y solicitó enmendar la demanda para incluir como demandado a la Compañía de Fomento Industrial (Fomento), que era la titular del área de estacionamiento de la fábrica. Esta enmienda fue permitida por el Tribunal de Primera Instancia.

Luego de ser debidamente emplazada el 14 de octubre de 1994, Fomento contestó la demanda y planteó, entre otras defensas afirmativas, que la demanda estaba prescrita por haberse presentado en el 1994 cuando el accidente había ocurrido en septiembre de 1992.

Posteriormente, Fomento presentó una solicitud de sentencia sumaria en la cual nuevamente alegó que la demanda estaba prescrita. Adujo que al determinarse que el accidente no era compensable, no le cobijaba a la peticionaria la protección del Artículo 31 de la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 32, que dispone que en casos de accidentes causados por terceros el empleado lesionado debe esperar a que la resolución del Fondo sea final y firme para instar una acción judicial.

Mediante una sentencia sumaria, dictada el 29 de octubre de 1996 y notificada el 6 de noviembre del mismo año, el Tribunal de Primera Instancia determinó que la causa de acción de Padín Espinosa estaba prescrita. Resolvió que el término prescriptivo para dicha acción

comenzaba a correr a partir del conocimiento del daño y no desde la fecha de la decisión del Administrador del Fondo.

El foro de instancia, motu proprio y no empece haber permitido la enmienda a la demanda, también resolvió que la enmienda a la demanda mediante la cual se trajo a Fomento al pleito, no era retroactiva por dos fundamentos. Primero, señaló que la alegación en la demanda original contra "John Doe" no satisfacía los requisitos de la Regla 15.4 de Procedimiento Civil sobre demandados de nombre desconocido. Segundo, indicó que la demanda enmendada tampoco cumplía con la Regla 13.3 de las de Procedimiento Civil sobre la retroactividad de las enmiendas, debido a que la enmienda no se hizo dentro del término prescriptivo.

No conforme con esta determinación, Padín Espinosa presentó un recurso de apelación ante el Tribunal de Circuito de Apelaciones. Alegó que el Artículo 31 de la Ley de Compensaciones por Accidentes del Trabajo tenía el efecto de interrumpir el término prescriptivo en este caso. También alegó que se había cumplido con lo dispuesto en las reglas 13.3 y 15.4 de Procedimiento Civil; y que Fomento nunca expuso el planteamiento referido ante el Tribunal de Primera Instancia, por lo que había renunciado a éste.

El Tribunal de Circuito de Apelaciones dictó sentencia el 26 de noviembre de 1997, notificada el 9 de diciembre del mismo año, y confirmó la sentencia del foro de instancia. Determinó que el referido Artículo 31 no contiene procedimiento alguno para casos en que el Fondo determine que una lesión no es compensable. Expresó que nada impedía a la peticionaria presentar su acción ante el tribunal dentro del término prescriptivo contado a partir de la fecha del accidente ya que la decisión del Fondo fue emitida cerca de cuatro meses antes del vencimiento de dicho término. También resolvió que aun si se considerase que la acción no estaba prescrita, la demandada Fomento y su aseguradora fueron traídas al pleito en forma impropia, por lo que

el foro de instancia actuó correctamente al considerar que las alegaciones contra "John Doe" no podían prevalecer en este caso.

Inconforme con esta sentencia, la peticionaria presentó una solicitud de certiorari ante nos. Alegó que las disposiciones de la Ley de Compensaciones por Accidentes del Trabajo sobre lesiones causadas por tercero le aplicaban a ella aunque se hubiese determinado que su caída no estaba relacionada con su trabajo. Alegó, además, que la Compañía de Fomento Industrial había renunciado a la defensa afirmativa relativa a la forma en que fue acumulada como parte en el pleito al litigar el caso durante dos años sin levantar dicha defensa. El 24 de abril de 1998 expedimos el recurso solicitado. El 22 de febrero de 1999, la parte recurrida presentó su alegato. Con el beneficio de la comparecencia de ambas partes, pasamos a resolver.

II.

Como es conocido, en nuestro ordenamiento jurídico la prescripción es materia sustantiva y no procesal. Vega Lozada v. J. Pérez y Cía., 135 D.P.R. 746 (1994); Olmo v. Young & Rubicam, 110 D.P.R. 740 (1981). El propósito de la institución de la prescripción es castigar la inercia en ejercicio de los derechos y así "evitar litigios difíciles de adjudicación por la antigüedad de sus reclamaciones." Zambrana Maldonado v. E.L.A., 129 D.P.R. 740, 751 (1992); De Jesús v. Chardón, 116 D.P.R. 238, 243 (1985). En Colón Prieto v. Géigel, 115 D.P.R. 232, 243 (1984), explicamos estos propósitos de la siguiente manera:

> La institución de la prescripción extintiva aspira a asegurar la estabilidad de la propiedad y la certidumbre de los demás derechos. Aguiló v. ASERCO, 104 D.P.R. 224, 248 (1975). Su innegable necesidad y valor responden a una presunción legal de abandono, derivada del hecho del transcurso de un tiempo determinado sin reclamar un derecho. Eisele v. Orcasitas, 85 D.P.R. 89, 93 1962). Sin embargo, ninguno de los intereses a los cuales responde es absoluto – de un lado salvaguardar un derecho y del otro, darle carácter definido a la incertidumbre de una posible reclamación – sino que deben ser aquilatados en su justa proyección. Véanse además, Alicea v. Córdova, 117 D.P.R. 676 (1986); Ortiz v. Municipio de Orocovis, 113 D.P.R. 484 (1982); Sánchez v. Cooperativa Azucarera, 66 D.P.R. 346 (1946); Cruz v. González, 66 D.P.R. 212 (1946).

La prescripción es, evidentemente, un asunto que admite ajustes judiciales, según sea requerido por las circunstancias y nuestras nociones sobre lo que es justo. <u>Vega Lozada v. J. Pérez y Cía.</u>, <u>supra</u>.

Hemos resuelto reiteradamente que el verdadero punto de partida para computar el término prescriptivo para instar una acción de daños y perjuicios **es la fecha en que el agraviado supo del daño y pudo ejercitar su acción**. Por lo tanto, el término para ejercer las acciones comienza a transcurrir, no cuando se sufre el daño, sino cuando se conocen todos los elementos necesarios para poder ejercer la acción. <u>Martínez v. Bristol Myers</u>, res. el 26 de enero de 1999, 99 JTS 5, 99 TSPR 6; <u>Vega Lozada v. J. Pérez y Cía.</u>, <u>supra</u>; <u>Toledo Maldonado v. Cartagena</u>, 132 D.P.R. 249 (1992); <u>Colón Prieto v. Géigel</u>, <u>supra</u>. El fundamento para esto es que "no puede ejercitarse una acción si de buena fe el titular desconoce que tiene derecho a ejercitarla." <u>Martínez v. Bristol Myers</u>, <u>supra</u>. Sin embargo, si el desconocimiento que impide ejercer la acción se debe a la falta de diligencia del reclamante, entonces no son aplicables estas consideraciones liberales sobre la prescripción. <u>Vega Lozada v. J. Pérez y Cía.</u>, <u>supra</u>; <u>López v. Aut. de Carreteras</u>, 133 D.P.R. 243 (1993).

El Artículo 2 de la Ley de Compensaciones por Accidentes del Trabajo dispone que todos los obreros y empleados que trabajan para patronos asegurados y que sufran lesiones, se inutilicen o pierdan la vida por accidentes que provengan de cualquier acto o función inherente a su trabajo o empleo, están protegidos por esa ley y, por lo tanto, son acreedores a los remedios compensatorios provistos por la misma. 11 L.P.R.A. sec. 2. Dicha ley otorga inmunidad al patrono asegurado frente a acciones civiles de daños y perjuicios que pudieran presentar los empleados lesionados en su contra.

La ley referida dispone un procedimiento mediante el cual el Fondo del Seguro del Estado se puede subrogar en los derechos del obrero o empleado o de sus beneficiarios para incoar reclamaciones contra terceros responsables por los daños compensados o gastos incurridos en

relación con el accidente de trabajo. Sobre esto el Artículo 31 de dicha ley dispone, en lo pertinente, lo siguiente:

> En los casos en que la lesión, enfermedad profesional o la muerte que dan derecho de compensación al obrero, empleado o sus beneficiarios, de acuerdo con este Capítulo, le hubiere provenido bajo circunstancias que hicieren responsables a tercero de tal lesión, enfermedad o muerte, el obrero o empleado lesionado o sus beneficiarios podrán reclamar y obtener daños y perjuicios del tercero responsable de dicha lesión, enfermedad o muerte dentro del año subsiguiente a la fecha en que fuere firme la resolución del caso por el Administrador del Fondo del Seguro del Estado, y éste podrá subrogarse en los derechos del obrero, empleado o sus beneficiarios para entablar la misma acción en la forma siguiente:
>
> ...
>
> El obrero o empleado lesionado ni sus beneficiarios podrán entablar demanda ni transigir ninguna causa de acción que tuvieren contra el tercero responsable de los daños, hasta después de transcurridos noventa días a partir de la fecha en que la resolución del Administrador del Fondo del Seguro del Estado fuere firme y ejecutoria.

Al interpretar este artículo hemos resuelto que una acción presentada por un obrero lesionado que ha acudido al Fondo antes de que transcurran los noventa días de ser firme la decisión del Administrador del Fondo es prematura. Alvarado v. Calaiño, 104 D.P.R. 127 (1975); Gallart v. González Marrero, 95 D.P.R. 201 (1967); Negrón v. Comisión Industrial, 76 D.P.R. 301 (1954). Así, en Tropigas de P.R. v. Tribunal Superior, 102 D.P.R. 630, 638 (1974), resolvimos que un obrero lesionado "no puede ejercitar su causa de acción mediante la presentación de demanda hasta pasados noventa días de ser firme la decisión que rindiera el Administrador del Fondo del Seguro del Estado. ... [El Art.31] establece como período prescriptivo de la acción que tenía el obrero para reclamar por sus propios daños y perjuicios, el de un año a partir de la fecha en que fuere firme la resolución del Administrador." Por su parte, en Martínez v. Bristol Myers, supra, expresamos que "el término de un año para reclamar en daños y perjuicios contra un tercero responsable del accidente comienza a transcurrir desde el momento en que adquiere firmeza la resolución final del caso dictada por el Administrador del Fondo."

En Vega Lozada v. J. Pérez y Cía., supra, resolvimos que "el término prescriptivo para ejercitar la acción de daños y perjuicios en casos [de patronos no asegurados] comienza a transcurrir desde la fecha en que el Fondo notifique que el patrono no está asegurado." En este caso, análogo al de marras, la esposa del empleado lesionado presentó una demanda en daños y perjuicios contra el patrono luego de conocer que el patrono no estaba asegurado por el Fondo, más de un año después de ocurrido el accidente. Resolvimos que su demanda no estaba prescrita puesto que no conocía que podía ejercer su causa de acción contra el patrono hasta que fue notificada que éste no estaba protegido por la inmunidad patronal.

III.

A luz de la doctrina expuesta, examinemos los hechos del caso de autos. La peticionaria sufrió una caída al salir de su empleo, mientras se dirigía a su automóvil por el único acceso disponible al estacionamiento de la fábrica. Debido a los dolores que sufría en la espalda acudió al Fondo. Allí estuvo recibiendo tratamiento en descanso, hasta que se le dio de alta en mayo de 1993, cuando el Administrador del Fondo determinó que no se trataba de un accidente compensable. **No fue hasta ese momento que Padín Espinosa conoció su derecho a ejercer la acción contra el tercero responsable**. No fue hasta ese momento que se enteró que su lesión no resultó de un accidente del trabajo sino que un tercero era responsable de ella.

La Ley de Compensaciones de Accidentes del Trabajo dispone que un empleado está obligado a acudir al Fondo dentro de los cinco días de ocurrido un accidente. Art. 5, 11 L.P.R.A. sec. 6. El propósito de esta disposición es permitir que el Fondo pueda investigar adecuadamente la compensabilidad del accidente. Guzmán Muñoz v. Comisión Industrial, 85 D.P.R. 700 (1962). La citada disposición establece que si el obrero no se presentare al médico dentro de los cinco días de ocurrido el accidente, podrá ser privado de su derecho a

recibir compensación alguna. Ante la posibilidad de perder la compensación, la decisión más prudente del obrero lesionado es acudir al Fondo y así recibir tratamiento médico para sus lesiones. La peticionaria así hizo, y una vez acudió al Fondo, no fue hasta **nueve meses después** que se le informó que no tenía derecho a recibir compensación por su lesión. Hasta ese momento la peticionaria de buena fe tenía que suponer que su accidente estaba cobijado por la protección del Fondo, tanto por el lugar donde ocurrió el accidente como por el hecho de que estuvo recibiendo tratamiento por el Fondo, sin ninguna indicación en contrario.

La parte recurrida, Fomento, alega que siendo un tercero el alegado responsable del accidente, la peticionaria podía elegir remedios, de acuerdo a lo establecido por este Tribunal en <u>López v. Delama</u>, 102 D.P.R. 254 (1974). Allí resolvimos que <u>bajo el Artículo 31</u> de la Ley de Compensaciones por Accidentes del Trabajo, un obrero lesionado puede escoger entre reclamar al Fondo, renunciar a sus derechos en el Fondo y reclamar directamente al tercero responsable de sus lesiones, o puede hacer ambas siempre que no haya subrogación de parte del Administrador del Fondo. Argumenta la recurrida, y así resolvió el Tribunal de Circuito de Apelaciones, que ante la alternativa de optar por esperar por la decisión del Fondo nada le impedía a la peticionaria presentar su reclamación dentro del término prescriptivo ya que la decisión de la agencia fue emitida varios meses antes del vencimiento de dicho término que comenzó a transcurrir el día en que ocurrió el accidente. El referido argumento de Fomento, acogido por el foro apelativo, es <u>contradictorio</u>. Se invoca el derecho de la peticionaria a escoger remedios bajo el Art. 31 de la ley, aunque a la misma vez se alega que dicho Art. 31 no cobija a la peticionaria porque su lesión no es un accidente compensable. No se puede argüir a la vez que el Art. 31 da opciones y que dicho artículo no es aplicable. Por otro lado, y más importante aún, tanto el foro apelado como la parte recurrida erraron al no tomar en consideración que la peticionaria no

sabía que tenía a su disposición otros remedios hasta que fue finalmente emitida la resolución del Administrador del Fondo en mayo de 1993, pues fue en ese momento que advino en conocimiento de que su accidente no era responsabilidad de su patrono sino de terceras personas. Hasta ese momento, Padín Espinosa desconocía de buena fe que tenía derecho a ejercitar una acción en los tribunales. <u>Martínez v. Bristol Myers</u>, <u>supra</u>.

No puede imputarse a la peticionaria el conocimiento de que por que su caída ocurrió en el estacionamiento utilizado por la fábrica, ésta no estaba cobijada por la ley del Fondo, máxime cuando el accidente ocurrió en el único acceso para salir de la empresa al área de estacionamiento y en un lugar tan próximo al lugar de trabajo. Véase, <u>Valentín v. Comisión Industrial</u>, 94 D.P.R. 659 (1967). Es claro, pues, que la peticionaria no presentó su acción porque desconocía su derecho a ejercerla y no por abandono voluntario de su causa.

Mas aun, también debe tomarse en cuenta que en todas las decisiones de este Foro en situaciones análogas o parecidas hemos determinado que el término de las acciones judiciales correspondientes no comienza a transcurrir hasta luego que el Fondo emite la decisión pertinente. No encontramos razón alguna que justifique seguir un curso decisorio distinto en el caso de autos, sobre todo a la luz del arraigado principio de derecho de que los términos de las acciones torticeras no comienzan a correr hasta que el agraviado supo que tenía derecho a ejercitar la acción.

Por todo lo anterior, resolvemos que el término prescriptivo para un obrero ejercitar la causa de acción de daños y perjuicios contra un tercero, en casos como el de autos, comienza a transcurrir desde la fecha en que el Fondo notifique que el accidente no es compensable o que no está relacionado con el trabajo. Resolver de otro modo colocaría a los empleados u obreros acogidos a los beneficios del Fondo en una situación de incertidumbre. Si la decisión de que el accidente

no es compensable se emite ya transcurrido el período prescriptivo de un año, el obrero quedaría desamparado, resultado que sería a todas luces injusto.

## IV.

Una vez resuelto que la demanda original fue presentada dentro del término prescriptivo, debemos examinar si la parte demandada Fomento y su aseguradora fueron traídas al pleito correctamente.

La Regla 15.4 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, permiten que se pueda demandar a una persona cuyo nombre se desconoce designándolo en la demanda con un nombre ficticio. A esos efectos dispone lo siguiente:

> Cuando un demandante ignore el verdadero nombre de un demandado, deberá hacer constar este hecho en la demanda, exponiendo la reclamación específica que alega tener contra dicho demandado. En tal caso, el demandante podrá designar a dicho demandado en cualquier alegación o procedimiento con un nombre ficticio y al descubrirse el verdadero nombre, hará con toda prontitud la enmienda correspondiente en la alegación o procedimiento.

Anteriormente, hemos expresado que esta disposición es aplicable a la situación en que un demandante conoce la identidad mas no el verdadero nombre de un demandado. José Moa v. E.L.A., 100 D.P.R. 573 (1972); Ortiz v. Gobierno Municipal de Ponce, 94 D.P.R. 472 (1967). Advertimos entonces que "la ignorancia del verdadero nombre del demandado debe ser real y legítima, y no falsa o espúrea." Fuentes v. Tribunal de Distrito, 73 D.P.R. 959, 986-87 (1952).

Un examen de las alegaciones de la demanda original revela la intención de incluir como parte demandada a otras personas que intervinieron con las aceras del área donde ocurrió el accidente. En la demanda original se hizo constar que se conocía que estas personas existían pero en esos momentos se desconocía su nombre. "En ausencia de una demostración de ocultación deliberada o falta intencional de diligencia... cabe conceder a la actuación de la demandante toda su

virtualidad a los fines de la interrupción del período prescriptivo." Ortiz v. Gobierno Municipal de Ponce, supra.

La demanda original se presentó el 18 de mayo de 1994. Menos de dos meses después, una vez se conoció el verdadero nombre de los demandados designados con nombre ficticio, la demanda fue enmendada **con permiso del tribunal de instancia**. Por ello, de acuerdo a la Regla 13.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, y nuestra jurisprudencia interpretativa, estas alegaciones se retrotraen al momento de la presentación de la demanda original. Ortiz Díaz v. R&R Motors Sales, 131 D.P.R. 829 (1992); Nuñez González v. Jiménez Miranda, 122 D.P.R. 134 (1988); Ortiz v. Gobierno Municipal de Ponce, supra. La demandada Fomento fue incluida con tiempo suficiente para que pudiera comparecer al pleito y defenderse. Nuñez González v. Jiménez Miranda, supra.

V

Por los fundamentos antes expuestos, se dictará sentencia para revocar la dictada por el Tribunal de Circuito de Apelaciones y se devolverá el caso al Tribunal de Primera Instancia para que continúen los procedimientos conforme a lo aquí resuelto.


JAIME B. FUSTER BERLINGERI
JUEZ ASOCIADO

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Nellie Padín Espinosa

    Demandante-Peticionaria

       v.                         CC-1998-91        CERTIORARI

Comp. de Fomento Industrial
de PR; Travelers Indemnity Co.

    Demandado-Recurrido

SENTENCIA

San Juan, Puerto Rico, a 25 de febrero de 2000.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente sentencia, se revoca la dictada por el Tribunal de Circuito de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia para que continúen los procedimientos conforme a lo aquí resuelto.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Andréu García no intervino.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo