*1154 TEXTO COMPLETO DE LA SENTENCIA
I
El Estado Libre Asociado de Puerto Rico (en adelante, el “ELA”) solicita la expedición de un auto de certiorari y que revoquemos una determinación del Tribunal de Primera Instancia, Sala de San Lorenzo, Hon. Carmen S. Iturbe Acosta, Juez, del 29 de agosto de 2008. Mediante el dictamen, notificado el 2 de septiembre de 2008, se declaró No Ha Lugar su Moción Solicitando la Desestimación de la segunda demanda contra tercero presentada por el Municipio de Juncos, predicada en su incumplimiento con notificar al ELA de su intención de demandarlo, como requiere la Ley de Pleitos contra el Estado y su jurisprudencia interpretativa.
Inconforme, el 17 de septiembre de 2008, el ELA solicitó reconsideración, la que no fue atendida oportunamente, entendiéndose rechazada de plano.
En Resolución de 10 de octubre de 2008, concedimos término al señor Antonio Ramos Trujillo y otros (en lo sucesivo, los “recurridos”) para mostrar causa por la cual no debíamos expedir el auto y revocar la orden recurrida, quienes no han comparecido.
■Resolvemos sin el beneficio de sus comparecencias, no sin antes exponer, en lo pertinente, el trasfondo fáctico de lo acaecido ante el foro recurrido.
II
Por hechos ocurridos el 15 de febrero de 2004, los señores Antonio Ramos Trujillo y Héctor Algarín Rivera presentaron el 9 de marzo de 2004, una demanda sobre daños y perjuicios contra el Municipio de Juncos y su compañía aseguradora Ace Insurance Company. Alegaron, en esencia, que el 15 de febrero de 2004, aproximadamente a las 12:00 del medio día, transitaban en el vehículo Toyota Corolla, modelo 1969, propiedad de Ramos Trujillo, por la carretera conocida como “la cuesta” del Sector El Mangó en el Municipio de Juncos, cayendo el automóvil en un hueco de alrededor de diez (10) pulgadas de profundidad, provocando que se volcara. A consecuencia del accidente, Ramos Trujillo, quien iba de pasajero y Algarín Rivera quien conducía el vehículo, resultaron con diferentes traumas en el cuerpo. El vehículo resultó en pérdida total. Argüyeron que la causa eficiente del accidente lo fue la exclusiva negligencia del Municipio de Juncos (en adelante, el “Municipio”), al no proveer el manteniendo adecuado a la carretera.
Por su parte, el 5 de abril de 2004, el Municipio y su aseguradora, Ace Insurance Company, contestaron la demanda, luego de lo cual, el 15 de octubre de 2004, presentaron Demanda Contra Tercero. Señalaron que de una investigación realizada surgió que en el lugar donde ocurrió el accidente, la tercera demandada, Autoridad de Acueductos y Alcantarillados (AAA), había reparado un tubo de agua, dejando un hueco sin tapar, en el que cayeron los recurridos. En esa forma, trajeron al pleito como tercero demandado a la AAA y a su compañía aseguradora, International Insurance Company.
Transcurridos dos (2) años desde que el Municipio presentara su demanda contra tercero, estando el caso *1155 señalado para juicio en su fondo, el 23 de octubre de 2006, el Municipio y su compañía aseguradora, Ace Insurance Company, presentaron una Segunda Demanda Contra Terceros. En esta ocasión, expresaron que no había sido hasta ese momento que advinieron en conocimiento de que el tercero demandado, ELA, por conducto del Departamento de Transportación y Obras Públicas y/o Oficina de Comunidades Especiales, se encontraban desarrollando un proyecto de pavimentación de calles e instalación de barreras de seguridad en la “Cuesta del Sector El Mangó en Juncos, Puerto Rico.” Sostuvieron que para la fecha de los hechos, los terceros demandados, tenían el control y mantenimiento del área en que ocurrió el accidente, por lo que respondían directamente a los recurridos o, en la alternativa, al Municipio de lo que tuviera éste que responder.
El 7 de marzo de 2007, el ELA presentó su contestación a la demanda contra terceros, alegando, entre otros, que no había sido notificado sobre la posible demanda, a tenor con las disposiciones de la Ley de Pleitos Contra el Estado, sin existir algunas de las excepciones para no hacerlo.
Surge de los escritos, que de la investigación realizada por la Directora de Desarrollo Comunitario del Departamento de Transportación y Obras Públicas, que para la fecha de los hechos expuestos en la demanda, Best Work, S.E., contratista a quien se le adjudicó la subasta, era la entidad a cargo del proyecto núm. 03-173, consistente en la construcción de aceras, encintados, cuentones y pavimentación de calles. Posteriormente, el 7 de diciembre de 2007, el ELA presentó demanda de terceros contra Best Work, S.E., en la eventualidad que se declarare Ha Lugar la demanda original. Por su parte, el 20 de octubre de 2007, la AAA y su compañía aseguradora presentaron demanda de coparte contra el ELA.
Así las cosas, el 11 de julio de 2008, el ELA solicitó la desestimación de la Segunda Demanda Contra Terceros en su contra. Alegó que estaba prescrita, por razón a la falta de diligencia de los terceros demandantes al presentar su reclamación a destiempo, incurriendo en incuria o dilación indebida. Adujo, además, que éstos incumplieron con las disposiciones de la Ley de Pleitos Contra el Estado, al dejar de notificar al ELA dentro del término dispuesto para ello, sin mediar alguna de las excepciones reconocidas. El 16 de julio de 2008, instancia ordenó a las demás partes en el proceso, pronunciarse en torno a la solicitud del ELA.
Transcurrido el término sin que se expresaran, el 29 de agosto de 2008, instancia dictó Orden declarando sin lugar la solicitud de desestimación del ELA, notificándose su determinación el 2 de septiembre de 2008.
Como hemos expresado, inconforme, el 17 de septiembre, el ELA solicitó reconsideración, la que no fue atendida oportunamente por instancia, entendiéndose rechazada de plano.
En desacuerdo, el ELA presentó su recurso. Le imputa a instancia incidir: a) al permitir la segunda demanda contra tercero en su contra y contra el DTOP, cuando no medió la oportuna notificación requerida por la Ley de Pleitos contra el Estado; y b) al permitir la segunda demanda contra tercero, a pesar de que la causa de acción estaba prescrita al momento de solicitar la enmienda, por la inexcusable dilación y falta de diligencia del Municipio de traerlos al pleito.
III
En Puerto Rico rige la doctrina de inmunidad del Estado, conforme a la decisión del Tribunal Supremo de los Estados Unidos en Puerto Rico v. Rosaly, 227 U.S. 271 (1913). Nuestro Tribunal Supremo había resuelto que el Estado respondía vicariamente por la culpa o negligencia de sus agentes o empleados, siguiendo la tradición civilista de nuestro derecho en materia de responsabilidad civil. Aponte v. Freiría, 20 D.P.R. 90 (1914); Rosaly v. El Pueblo, et al, 16 D.P.R. 508 (1910). En virtud de esa doctrina, el Estado no puede ser demandado sin su consentimiento. Mediante la Ley de Reclamaciones, Pleitos y Demandas Contra el Estado, Ley Núm. 104 del 29 de junio de 1955, (en adelante, “Ley 104”), el Estado ha consentido, aunque con numerosas restricciones, en ser demandado cuando cualquier ciudadano entienda que tiene una buena y justa causa de acción y que sea el poder judicial el que determine la validez y las suficiencias de las alegaciones que se formulen en su contra. Zambrana *1156 Maldonado v. E.L.A., 129 D.P.R. 740, 754 (1992).
Así pues, mediante el Artículo 2 de la Ley 104, 32 L.P.R.A. § 3077, según enmendado, se autoriza a demandar al Estado Libre Asociado de Puerto Rico, entre otras causas, por daños y perjuicios causados a una persona o a su propiedad por acción u omisión de cualquier funcionario, agente o empleado del Estado, o cualquier otra persona actuando en capacidad oficial y dentro del marco de su función, cargo o empleo interviniendo culpa o negligencia. No obstante, limita el monto de la indemnización en acciones por daños y perjuicios causados a una persona o a su propiedad a $75,000, y a $150,000 cuando se causaren daños a más de una persona en un mismo accidente, o cuando sean varias las causas de acción a que tenga derecho un sólo perjudicado.
Por su parte, el Artículo 6 de la Ley 104 dispone, en lo pertinente, que no procederán acciones por daños contra el Estado causados por actos u omisiones de un funcionario, agente o empleado “en el cumplimiento de una ley o reglamento” o “en el desempeño de una función de carácter discrecional, aun cuando hubiere abuso de discreción...”. 32 L.P.R.A. § 3081. Por lo tanto, para que el Estado responda, el agente debe haber actuado en capacidad oficial y dentro del marco de su función, cargo o empleo, interviniendo culpa o negligencia. Sánchez Soto v. E.L.A., 128 D.P.R. 497, 505 (1991).
Además de la limitación sobre la cuantía compensable y en aras de proteger al Estado, el Artículo 2A(c) de la Ley 104 requiere que toda persona que tenga una reclamación contra el ELA por daños a la persona o a la propiedad, causados por culpa o negligencia, presente al Secretario de Justicia una notificación escrita haciendo constar la fecha, sitio, causa y naturaleza general del daño sufrido, los nombres y direcciones de sus testigos y la dirección del reclamante, así como el sitio donde recibió tratamiento médico en primera instancia. La notificación deberá hacerse por correo certificado, diligenciamiento personal, o de cualquier otra forma fehaciente, dentro de noventa (90) días de la fecha en que el reclamante tuvo conocimiento de los daños que reclama. Los propósitos del requisito de notificación son:
“...1- proporcionar a estos cuerpos políticos la oportunidad de investigar los hechos que dan origen a la reclamación; 2- desalentar las reclamaciones infundadas; 3- propiciar un pronto arreglo de las mismas; 4-permitir la inspección inmediata del lugar del accidente antes de que ocurran cambios; 5- descubrir el nombre de las personas que tienen conocimiento de los hechos y entrevistarlas mientras su recuerdo es más confiable; 6-advertir a las autoridades municipales de la existencia de la reclamación para que se provea la reserva necesaria en el presupuesto anual; y 7- mitigar el importe de los daños sufridos mediante oportuna intervención ofreciendo tratamiento médico adecuado y proporcionando facilidades para hospitalizar al perjudicado. ” Mangual v. Tribunal Superior, 88 D.P.R. 491, 494 (1963); 32 L.P.R.A. § 3077a; Zambrano Maldonado v. E.L.A., 129 D.P.R., a la pág. 755.
No podrá iniciarse acción judicial de clase alguna contra el ELA por daños causados por su culpa o negligencia, si no se hubiese efectuado la notificación escrita en la forma y manera y dentro de los plazos prescritos, a menos que no haya mediado justa causa para ello.
En torno al requisito de notificación, nuestro Tribunal Supremo ha seguido una trayectoria liberalizadora. En lo pertinente, ha reiterado que el propósito del requisito de notificación es dar un aviso extrajudicial al Estado de la existencia de una posible causa de acción en su contra por daños, de modo que pueda activar prontamente sus recursos de investigaciones, antes de que desaparezcan los testigos y las pruebas objetivas en orden a la preparación de una adecuada defensa contra la reclamación o transacción adecuada de éstas, cuando proceda. Zambrana Maldonado v. E.L.A., 129 D.P.R., a la pág. 747.
Desde Rivera de Vincenti v. E.L.A., 108 D.P.R. 64, 69 (1978), nuestro más Alto Foro ha expresado que si la tardanza en notificar excede de noventa (90) días, y el demandante demuestra justa causa para ello, no se viola la *1157 disposición. Si bien es un requisito de cumplimiento estricto, en un caso donde el riesgo de que la prueba objetiva pueda desaparecer es mínimo, donde hay constancia efectiva de la identidad de los testigos, y por tanto, donde el Estado puede fácilmente investigar y corroborar los hechos alegados en la demanda que se radique, no es de aplicación inexorable la § 3077a. Zambrana Maldonado v. E.L.A.; 129 D.P.R., a la pág. 756; Meléndez Gutiérrez v. E.L.A., 113 D.P.R. 811, 814 (1986). El objetivo que se procura mediante la aplicación de la referida disposición legal, en tales casos, no tiene razón de ser. Id. De igual manera, cuando la información que necesitaría el ELA surge de récords públicos y no hay riesgo de que la prueba desaparezca, ello constituye justa causa para no tener que cumplir con el término de noventa (90) días para notificar. Méndez et al. v. Alcalde de Aguadilla, 151 D.P.R. 853, 861-862 (2000).
La notificación previa al Estado no tiene alcance jurisdiccional y sólo impone un requisito de estricto cumplimiento, el cual no es absoluto y permite excepciones. Berrios Román v. E.L.A., Op. de 7 de junio de 2007, 2007 J.T.S. 125, a la pág. 1707; Loperena Irizarry v. E.L.A., 106 D.P.R. 357, 360 (1977). Ello no significa la eliminación del requisito de notificación. Allí se dijo: “No estamos derogando el requisito de notificación previa, acción que compete a la Asamblea Legislativa. ” Loperena Irizarry, 106 D.P.R., a la pág. 359.
En Berrios Román v. E.L.A., 2007 J.T.S. 125, a la pág. 1708, nuestro Tribunal Supremo reiteró la vigencia y validez del requisito de notificación, puntualizándose que sus pronunciamientos no habían proclamado que fuera irrazonable o que su aplicación restringiera de forma indebida el derecho de un perjudicado de reclamar compensación al Estado. Todo lo contrario, reconoció su validez y expresó que sólo se eximiría al reclamante de notificar al Estado cuando ese requisito no cumplía los propósitos y objetivos de la Ley y cuando jurídicamente no se justificara aplicarlo a las circunstancias de cada caso en particular, ya que no fue para ellas que se adoptó. En consideración a lo anterior, reiteró que como condición previa para presentar una demanda contra el Estado al amparo de la Ley 104, todo reclamante debía cumplir con el requisito de notificación. Sólo en aquellas circunstancias en las que por justa causa la exigencia de notificación desvirtúe los propósitos de la Ley 104, se podría eximir al reclamante de notificar al Estado para evitar la aplicación extrema y devSmedida de tal exigencia.
Todo esto requiere, en correcta hermenéutica jurídica, que una disposición estatutaria que limite el derecho de los perjudicados a solicitar indemnización, debe examinarse restrictivamente. Romero Arroyo v. E.L.A, 127 D.P.R. 724, 735 (1991); Flores Román v. Ramos González, 127 D.P.R. 601 (1990).
El caso de autos, sin embargo, es evidentemente, uno de esos, en que el requisito de notificación establecido por la Ley 104, debe constituir un obstáculo insalvable a la acción de daños y perjuicios presentada por el Municipio.
El ELA alega, en síntesis, que erró el Tribunal de Primera Instancia al no desestimar la demanda contra tercero del Municipio por falta de notificación al Estado, por conducto del Secretario de Justicia, dentro de los noventa (90) días siguientes a la fecha en que tuvieron conocimiento de los daños, de su intención de demandar en daños y perjuicios al Estado, a tenor con las exigencias enumeradas en el Artículo 2A de la Ley 104.
Aunque, como se ha mencionado, el requisito de notificación es de estricto cumplimiento, no alcanza calidad de condición precedente jurisdiccional y se han permitido excepciones particularmente en circunstancias donde el esquema legislativo carece de virtualidad, propósito u objetivo, y donde jurídicamente no hay razón para aplicarlo. Zambrana Maldonado, 129 D.P.R., a la pág. 756; Romero Arroyo, 127 D.P.R., a la pág. 735; Passalacqua v. Municipio de San Juan, 116 D.P.R. 618, 629 (1985).
Se ha resuelto con prudente firmeza que la notificación al Secretario de Justicia requerida por la Ley 104 para demandar al Estado, es de cumplimiento estricto, excusándose de su cumplimiento únicamente en circunstancias especiales en las cuales resultaría una grave injusticia privar al reclamante de una legítima causa de acción. Rodríguez Sosa v. Cervecería India, 106 D.P.R. 479, 485 (1977).
*1158 Examinado los hechos del caso ante nuestra consideración, corresponde determinar si existía justa causa para que el Municipio faltara a su deber de diligencia para dar cumplimiento a las disposiciones del Artículo 2A de la Ley 104.
Según establecido por nuestro Tribunal Supremo en Rodríguez Sosa, 106 D.P.R., a la pág. 484, la obligación de un demandado y de demandante contra tercero de notificar al Estado dentro del plazo estatuido de noventa (90) días, en caso como el que nos ocupa, donde el demandante original no presenta reclamación directa contra el Estado, surge tan pronto el demandado es emplazado, pues desde ese momento tiene conocimiento de los daños que luego reclamará en su demanda de terceros. Nótese, en este caso, que el Municipio advino en conocimiento de los trabajos realizados en el lugar del accidente por el DTOP por un rótulo que advertía de ello, aviso que desde el inicio del pleito pudo general cuestionamientos sobre el posible responsable del desperfecto en la carretera que causó los daños. Siendo ello así, con razonable diligencia, el Municipio pudo haber conocido sobre la alegada responsabilidad del ELA y notificar oportunamente su intención de demandar según requiere la ley, y no esperar más de dos (2) años para traerlo al pleito. Su inexcusable inacción no nos parece suficiente para evitar la aplicación de tal exigencia sobre la notificación. Máxime cuando a pesar de instancia haber concedido un término para expresarse sobre el asunto, el Municipio nunca ofreció razones concretas y particulares para excusar de su incumplimiento con las disposiciones sobre la Ley 104. En consideración a lo cual, erró instancia al no decretar la desestimación y archivo de la demanda contra tercero presentada por el Municipio.
Como segundo señalamiento de error, adujo el ELA que la causa de acción del Municipio estaba prescrita al momento de solicitar la enmienda, por la inexcusable dilación y falta de diligencia de traerlos al pleito. Veamos la normativa aplicable.
Es principio fundamental de derecho que una reclamación basada en alegaciones de culpa o negligencia se tiene que enmarcar en el contexto del Artículo 1802 del Código Civil de Puerto Rico, el cual dispone:
“el que por acción u omisión causa daño a otro interviniendo culpa o negligencia está obligado a reparar el daño causado. La imprudencia concurrente del perjudicado no exime de responsabilidad, pero conlleva la reducción de la indemnización". 31 L.P.R.A. § 5141; Valle v. E.L.A., 157 D.P.R. 1, 14 (2002).
Nuestro Tribunal Supremo en reiteradas ocasiones ha establecido el alcance de dicho artículo. Es claro que para que la responsabilidad civil se imponga a favor del demandante es necesario establecer: (1) la realidad del daño sufrido; (2) el nexo causal entre el daño y la acción u omisión de otra persona; y (3) que el acto u omisión imputada es culposo o negligente. Pons Anca v. Engebretson, 160 D.P.R. 347, 354 (2003).
De otra parte, bajo nuestro sistema de derecho, la figura de la prescripción es materia de derecho sustantivo regida por las disposiciones del Código Civil. Maldonado v. Russe, 153 D.P.R. 342, 347-348 (2001); Vega v. J. Pérez & Cía., Inc., 135 D.P.R. 746, 753 (1994). La prescripción constituye una forma de extinción de un derecho debido a la inercia en ejercerlo por su titular, durante un tiempo determinado. Santiago v. Ríos Alonso, 156 D.P.R. 181, 188 (2002); Galib Frangie v. El Vocero, 138 D.P.R. 560, 566 (1995).
El propósito de la institución de la prescripción es castigar la inercia en el ejercicio de los derechos y asegurar así el tráfico jurídico, al evitar litigios difíciles de adjudicar por la antigüedad de sus reclamaciones. Vera v. Dr. Bravo, 161 D.P.R. 308, 321 (2004); Padín v. Cía. Fom. Ind., 150 D.P.R. 403, 410 (2000); Zambrana Maldonado v. E.L.A., 129 D.P.R. 740, 751 (1992). En torno a la prescripción extintiva, nuestro Tribunal Supremo se expresó como sigue:
"La institución de la prescripción extintiva aspira a asegurar la estabilidad de la propiedad y la certidumbre de los demás derechos. Su innegable necesidad y valor corresponden a una presunción legal de abandono, derivado del hecho del transcurso de un tiempo determinado sin reclamar un derecho. [...]. Sin embargo, *1159 ninguno de los intereses a los cuales responde es absoluto - de un lado salvaguardar un derecho y del otro darle carácter definido a la incertidumbre de una posible reclamación sino que deben ser aquilatados en su justa proyección. ” Colón Prieto v. Géigel, 115 D.P.R. 232, 243 (1984).
El Artículo 1861 de nuestro Código Civil, 31 L.P.R.A. § 5291, establece que las acciones prescriben por el mero lapso del tiempo fijado por la ley. Una vez transcurre el período de tiempo establecido por ley, sin que el titular del derecho lo reclame, surge una presunción legal de abandono. Galib Frangie, 138 D.P.R., a la pág. 566. En el caso de las acciones de daños y perjuicios, el Artículo 1868 del Código Civil dispone que dichas acciones prescriben por el transcurso de un (1) año desde que lo supo el agraviado e identificado el autor del daño. 31 L.P. R.A. § 5298.
Por ello es que se ha resuelto "que el plazo prescriptivo para el ejercicio de las acciones de daños y perjuicios no comienza en el instante cuando se produce la acción u omisión culposa o negligente, sino en el momento en que el perjudicado conozca que hq sufrido un daño, v sepa, además, quién es el responsable". Tenorio v. Hospital Dr. Pila, 159 D.P.R. 777, 782 (2003); Ojeda v. El Vocero, 137 D.P.R. 315, 325 (1994); Colón Prieto, 115 D.P.R., a la pág. 246. La etapa cognoscitiva del daño es importante porque es necesario distinguir entre el momento en que ocurre la consecuencia lesiva y aquél en que el perjudicado la reconozca, ya que la diferencia conlleva efectos jurídicos, distintos de vital importancia, como lo es el momento cuando empieza a decursar el plazo hábil durante el cual el perjudicado puede iniciar su causa de acción reclamando los daños sufridos. Tenorio, 159 D.P.R., a la pág. 782; H. M. Brau del Toro, Los daños y perjuicios extracontractuales en Puerto Rico, Vol. I, San Juan, Publicaciones J.T.S., 2da. Ed., 1986, a las págs. 423-427, 439-442 y 567-572.
Nuestro más Alto Foro ha establecido en torno al comienzo del término prescriptivo para iniciar una causa de acción lo siguiente:
“[...]. Para determinar cuándo comienza a decursar el término prescriptivo, hemos precisado que el momento que se toma como verdadero punto de partida en una acción de daños y perjuicios lo es la fecha en que el perjudicado conoció del daño; quién fue el autor del mismo; y, además, desde que éste conoce los elementos necesarios para poder ejercitar efectivamente su causa de acción. ” (Citas omitidas.)
Véase además: Padín, 150 D.P.R., a la pág. 411.
La prescripción no es una figura de derecho rígida, sino que la misma admite ajustes judiciales según sea requerido por las circunstancias particulares de los casos y la noción sobre lo que es justo. Santiago Rivera, 156 D.P.R., a las págs. 189-190. Por esto, se ha establecido que toda disposición sobre prescripción que exija a los demandantes instar su causa de acción antes de que advengan en conocimiento de que tal acción les asiste, viola su derecho al debido proceso de ley. Santiago Rivera, 156 D.P.R., a la pág. 190.
No puede perderse de vista, sin embargo, que la determinación del momento preciso en que un agraviado adviene en conocimiento del daño, es cuando éste conoce o debió razonablemente conocer el mismo. En cuanto a ello, nuestro Tribunal Supremo ha dicho:
"La correspondiente postergación del término prescriptivo supone que el reclamante no sabía ni podía saber quién fue el autor. Pero si no hay un elemento fáctico o material que impida conocer quién es el responsable, si el desconocimiento se debeji la falta de investigación o diligencia del reclamante, entonces no procede este requisito sobre la identidad del autor que en la doctrina liberal se ha sobre impuesto a la normativa sobre la prescripción. ” Colón Prieto, 115 D.P.R., a las págs. 244-246.
El fundamento de esta norma es que no puede ejercitarse una acción si de buena fe el titular desconoce que tiene derecho a ejercitarla. Colón Prieto, 115 D.P.R., a las págs. 244-245.
*1160 Ahora bien, si el desconocimiento que impide ejercer la acción se debe a la falta de diligencia del reclamante, entonces no aplicarían al caso estas consideraciones más liberales con el propósito de derrotar la defensa de prescripción ante una proyección más justa de las alegaciones. Padín, 150 D.P.R., a la pág. 759.
Nuestro Tribunal Supremo ha aclarado que el perjudicado tiene un deber de desplegar la debida diligencia para conocer el autor de su daño. El incumplimiento con este deber conlleva que se le impute el conocimiento requerido y que se estime prescrita la acción. H. Brau del Toro, supra, a la pág. 440; Ricardo De Angel Yagüez, La Responsabilidad Civil, Univ. De Deusto, Bilbao, 1988, a la pág. 340; Luis Diez Picazo, La Prescripción en el Código Civil, Bosch, Barcelona, 1964, a la pág. 240; cf., Colón Prieto, 115 D.P.R. a la pág. 240.
Esto es, una vez el perjudicado tiene conocimiento de su daño, viene obligado a desplegar la debida diligencia para investigar la posibilidad de que cuente con una causa de acción, lo que incluye realizar las pesquisas razonables para conocer quién fue el autor de su daño y consultar los expertos necesarios para conocer si se satisfacen los requisitos jurídicos pertinentes.
De no estar en posición de instar su demanda dentro del término prescriptivo, por no haber concluido su investigación o carecer de evidencia para establecer alguna porción de su reclamación, nuestro ordenamiento le concede al reclamante la opción de interrumpir el término para demandar, mediante cualquiera de los mecanismos establecidos por la ley. 31 L.P.R.A. § 5303; Galib Frangie, 138 D.P.R., a la pág. 568; Acosta Quiñones v. Matos Rodríguez, 135 D.P.R. 668, 675-676 (1994).
El peso de la prueba corresponde a la parte demandante para establecer la fecha en que advino en conocimiento del daño cuando alega que ésta es distinta a la fecha de su ocurrencia. J. Puig Brutau, Fundamentos de Derecho Civil, Tomo II, Vol. 3, Bosch, Barcelona, 1983, a la pág. 218.
No debe perderse de vista que el propósito de la prescripción es precisamente exigir que los demandantes sean diligentes en el ejercicio de sus derechos. Maldonado, 153 D.P.R., a la pág. 342.
En la situación de autos, según hemos visto, el Municipio investigó el área del accidente y como consecuencia de dicha actuación advino en conocimiento sobre la posible responsabilidad de la AAA y la trajo al pleito como tercera demandada. Adujo que supo de las reparaciones por un rótulo que advertía de los trabajos; vale destacar que dicho aviso también mencionaba la intervención del DTOP. No existe controversia real sustancial, sin embargo, en torno al hecho de queja reclamación del Municipio contra el ELA no fue presentada hasta el 23 de octubre de 2006, muchos meses después de la expiración del término prescriptivo establecido por el citado Artículo 1868 del Código Civil para el ejercicio de tal reclamación, 31 L.P.R.A. § 5298. La demanda presentada por el Municipio no contenía alegación alguna para excusar su dilación, a pesar de que correspondía a dicha parte el peso para justificar la dilación.
Lo cierto es que, según hemos visto, el conocimiento de las normas jurídicas se presume. Una vez el Municipio tuvo conocimiento de que había otra agencia que podía resultar responsable de los alegados daños que le reclamaban, tenía la obligación, dentro del período prescriptivo dispuesto por ley, llevar a cabo la investigación necesaria para determinar si contaba con una causa de acción. Padín, 150 D.P.R., a la pág. 759. La suficiencia de las gestiones llevadas a cabo por el Municipio para este trámite se evalúa a la luz del estándar objetivo de la persona prudente y razonable y/o el buen padre de familia. H. Brau del Toro, supra, a la pág. 440. El Municipio no ha ofrecido explicación alguna para esta dilación. En estas circunstancias, a nuestro juicio, su reclamación debe ser desestimada por haberse presentado fuera del período prescriptivo.
Admitir generalizadamente esta postura en este tipo de casos, a nuestro juicio, conduciría a desnaturalizar la figura de la prescripción y negarle virtualidad en las acciones de daños y perjuicios. En la situación de autos, creemos que el Municipio tenía suficiente información para conocer que debía investigar sobre la posibilidad de *1161 otros co-causantes además de la AAA. Contrario a otros casos donde se ha excusado el inicio del término prescriptivo, en la presente situación no se desprende que hubiera mediado factor o agencia alguna fuera del control del Municipio, que le hubiera impedido actuar dentro del término establecido por ley. En la situación de autos, concluimos que la demanda está prescrita por lo cual incidió instancia en el error alegado.
Por los fundamentos antes expuestos, expedimos el auto solicitado por el ELA y revocamos la Orden dictada por el Tribunal de Primera Instancia, Sala de San Lorenzo, el 29 de agosto de 2008. En consecuencia, desestimamos la demanda contra tercero.
Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
Dimarie Alicea Lozada Secretaria del Tribunal de Apelaciones