Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE ARECIBO
PANEL X

| | | |
|---|---|---|
| DARANGELYS YANTÍN LUBERZA, CARMEN I. COLÓN PÉREZ, YESENIA COLÓN BÁEZ<br><br>Apelantes<br><br>V.<br><br>JOSÉ NIEVES PÁGAN, ET ALS.<br><br>Apelados | KLAN202301149 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm.:<br>C DP2015-0215<br>Consolidado con:<br>C DP2016-0075,<br>C DP2016-0078<br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 13 de marzo de 2024.

El 26 de diciembre de 2023, compareció ante este Tribunal de Apelaciones, la señora Darangelys Yantín Luberza (en adelante, señora Yantín Luberza), la señora Carmen I. Colón Pérez, *et al.* (en adelante, señora Colón Pérez, y en conjunto, parte apelante) mediante *Apelación.* En la misma, nos solicita que revoquemos la *Sentencia Parcial* dictada el 21 de noviembre de 2023 y notificada el 28 de noviembre de 2023, por el Tribunal de Primera Instancia, Sala Superior de Arecibo. En virtud del aludido dictamen, el foro *a quo* desestimó, con perjuicio, la causa de acción en contra del doctor Millán J. García Cuevas (en adelante, doctor García Cuevas o parte apelada) por prescripción.

Por los fundamentos que expondremos a continuación, se confirma el dictamen apelado.

**I**

Los eventos fácticos y procesales que dan inicio al caso que nos ocupa son los que en adelante se reseñan.

Según surge del expediente, el 23 de mayo de 2015, el señor Andrés Ortiz Colón (en adelante, señor Ortiz Colón) se encontraba conduciendo un vehículo de motor por la carretera número 22, jurisdicción de Arecibo, en compañía de su hijo menor de edad, AOV y la señora Yantín Luberza, cuando fueron impactados por el señor José L. Nieves Pagán (en adelante, señor Nieves Pagán o parte apelada). Como consecuencia del accidente, el señor Ortiz Colón perdió la vida, mientras que el hijo de éste y la señora Yantín Luberza quedaron gravemente heridos. Posteriormente, el menor AOV falleció en el hospital a raíz de los traumas ocasionados en el accidente.

El **16 de mayo de 2016**, la parte apelante incoó una *Demanda* sobre daños y perjuicios en contra del señor Nieves Pagán, por sí y en representación de la Sociedad Legal de Gananciales compuesta por éste y Fulana de Tal; los Médicos Desconocidos A, B, C; las Farmacias Desconocidas D, E, F; la Aseguradora Mapfre; Aseguradores G, H I; Individuos Desconocidos J, K L, sus respectivas esposas y las Sociedades Legales de Gananciales compuesta por éstos; y Corporaciones Desconocidas X, Y, Z. En síntesis, alegó que, el accidente y los daños causados por el señor Nieves Pagán fueron como consecuencia de conducir bajo los efectos de fármacos recetados y/o despachados de manera negligente e/o ilegal por algunos de los codemandados.

Al día siguiente, la parte apelante presentó *Demanda Enmendada* para incluir como codemandados a la doctora María Lourdes Ortiz de la Cruz (en adelante, doctora Ortiz de la Cruz) y la Sociedad Legal de Gananciales compuesta por ésta y su esposo

Sutano de Tal; así como también, al Negocio de Farmacia conocido como Súper Farmacia Villa Toledo.

En respuesta, el 7 de noviembre de 2016, la doctora Ortiz de la Cruz presentó su *Contestación a la Demanda Enmendada*. Respectivamente, el señor Nieves Pagán presentó la suya el 17 de noviembre de 2016.

Tras varias incidencias procesales, innecesarias pormenorizar, el 16 de agosto de 2021, la parte apelante presentó una *Segunda Demanda Enmendada* para incluir como codemandado al apelado doctor García Cuevas. En esta, arguyó que, el doctor García Cuevas respondía por los daños reclamados, toda vez que, incurrió en actuaciones negligentes y culposas al expedir, en reiteradas ocasiones, recetas de medicamentos controlados al señor Nieves Pagán.

El 13 de enero de 2022, el doctor García Cuevas presentó una *Moción de Desestimación por Prescripción*. En contestación a la misma, el 8 de febrero de 2022, la parte apelante presentó la *Moción en Oposición a Desestimación por Prescripción*, en la cual, alegó que, conforme la teoría cognoscitiva del daño, la causa de acción en contra del doctor García Cuevas no estaba prescrita. Particularmente, acotó que, el término prescriptivo comenzó a transcurrir a partir del mes de diciembre de 2020, cuando obtuvo el expediente médico del doctor García Cuevas, con relación al señor Nieves Pagán. En adición, arguyó que, el doctor García Cuevas ocultó de manera maliciosa, deliberada y contumaz el expediente médico que lo identificaba como uno de los co-causantes de los daños reclamados en la *Demanda*.

Así las cosas, el 23 de febrero de 2022, el doctor García Cuevas presentó una *Moción Replicando Moción en Oposición a Desestimación por Prescripción*, en la que, planteó que, se encontraba protegiendo información privilegiada contenida en el

expediente médico solicitado. El 11 de marzo de 2022, la parte apelante presentó una *Urgente Dúplica a Moción de Réplica del Co-demandado Dr. Millán J. García Cuevas*, en la cual reafirmó los argumentos anteriormente esbozados en sus escritos.

Evaluadas las mociones presentadas por las partes, el 21 de noviembre de 2023 y notificada el 28 de noviembre de 2023, el Tribunal de Primera Instancia, emitió una *Sentencia Parcial* mediante la cual declaró Ha Lugar la moción de desestimación presentada por el doctor García Cuevas. En consecuencia, desestimó, con perjuicio, la causa de acción incoada en contra de dicha parte.

Inconforme con la determinación, la parte apelante acudió ante este foro revisor el 26 de diciembre de 2023, mediante recurso de *Apelación* y formuló el siguiente señalamiento de error:

> Incurrió en error manifiesto y abuso de discreción el Honorable Tribunal de Primera Instancia al desestimar, con perjuicio y a la manera de sanción o castigo, la reclamación en contra del codemandado, Dr. Millán J. García Cuevas, bajo el fundamento patentemente incorrecto de que dicha reclamación estaba prescrita por la alegada falta de diligencia de la parte demandante en indagar y conocer la identidad del galeno como uno de los co-causantes de los daños reclamados.

El 29 de enero de 2024, compareció la parte recurrida mediante *Alegato*. Con el beneficio de la comparecencia de las partes procedemos a resolver.

**II**

### A. La Moción de Desestimación

La Regla 10.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, faculta a la parte contra la cual se presente una alegación en su contra a presentar una moción de desestimación, por los fundamentos siguientes: 1) falta de jurisdicción sobre la materia; 2) falta de jurisdicción sobre la persona; 3) insuficiencia del emplazamiento; 4) insuficiencia del diligenciamiento del emplazamiento; 5) dejar de exponer una reclamación que justifique

la concesión de un remedio, y 6) dejar de acumular una parte indispensable. *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 396 (2022); *Rivera Sanfeliz et al. v. Jta. Dir. FirstBank*, 193 DPR 38, 49 (2015); *Colón Rivera et al. v. ELA,* 189 DPR 1033, 1049 (2013). La precitada regla permite a la parte demandada presentar una moción de desestimación debidamente fundamentada previo a contestar la demanda instada en su contra. *Casillas Carrasquillo v. ELA*, 209 DPR 240, 247 (2022); *Conde Cruz v. Resto Rodríguez*, 205 DPR 1043, 1065 (2020).

Asimismo, el Tribunal Supremo de Puerto Rico ha establecido que, al momento de considerar una moción de desestimación, los tribunales están obligados a tomar como ciertos todos los hechos bien alegados en la demanda y, a su vez, considerarlos de la forma más favorable a la parte demandante. *Cobra Acquisitions v. Mun. Yabucoa et al.*, supra; *Casillas Carrasquillo v. ELA*, supra; *Rivera Sanfeliz et al. v. Jta. Dir. FirstBank*, supra, pág. 49; *Cruz Pérez v. Roldán Rodríguez*, 206 DPR 261, 267 (2021); *Colón Rivera et al. v. ELA*, supra, pág. 1049. Es por lo que, para que proceda una moción de desestimación, "tiene que demostrarse de forma certera en ella que el demandante no tiene derecho a remedio alguno bajo cualquier estado de [D]erecho que se pudiere probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor". *Cobra Acquisitions v. Mun. Yabucoa et al.*, supra; *Casillas Carrasquillo v. ELA*, supra; *Cruz Pérez v. Roldán Rodríguez*, supra, págs. 267-268; *Rivera Sanfeliz et al. v. Jta. Dir. FirstBank*, supra, pág. 49; *Ortiz Matías et al. v. Mora Development*, 187 DPR 649, 654 (2013); *López García v. López García*, 199 DPR 50, 69-70 (2018).

## B. La prescripción extintiva

En nuestra jurisdicción, la prescripción es una institución de derecho sustantivo, no procesal, que constituye una de las formas de extinción de las obligaciones. *Birriel Colón v. Supermercado Los*

*Colobos*, 2023 TSPR 120, 213 DPR ___ (2023); *Serrano Rivera v. Foot Locker Retail Inc.*, 182 DPR 824, 831 (2011). "[E]l propósito de la prescripción es fomentar el pronto reclamo de los derechos a la vez que se procura la tranquilidad del obligado frente a la eterna pendencia de una acción civil en su contra [y se elimina] la incertidumbre de las relaciones jurídicas". *Umpierre Biascoechea v. Banco Popular*, 170 DPR 205, 212-213 (2007)[1]. La prescripción, además, castiga la inercia en el ejercicio de los derechos, ya que el mero transcurso del periodo de tiempo establecido por ley, sin que el titular del derecho lo reclame, da lugar a una presunción legal de abandono. *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR 365, 372 (2012). En particular, el término prescriptivo busca fomentar el establecimiento oportuno de las acciones, en aras de asegurar que el transcurso del tiempo no confundirá ni borrará el esclarecimiento de la verdad en sus dimensiones de responsabilidad y evaluación de la cuantía. *Íd.*, pág. 374.

En lo pertinente a la controversia de marras, las obligaciones por responsabilidad civil extracontractual están establecidas por nuestro Código Civil.[2] El Artículo 1802 del Código Civil de Puerto Rico de 1930 establecía que: "El que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado". 31 LPRA sec. 5141. El término prescriptivo de estas acciones es de un (1) año, según dispuesto en el Artículo 1868 del mismo cuerpo legal. 31 LPRA sec. 5298. La brevedad de este plazo responde a la inexistencia de una relación jurídica previa entre el demandante y el demandado. *Fraguada Bonilla v. Hosp. Aux. Mutuo*, supra, pág. 374; *Culebra Enterprises Corp. v. ELA*, 127 DPR 943, 951-952 (1991).

---

[1] Véase, *Sentencia* (Rodríguez Rodríguez, opinión de conformidad).
[2] El derecho aplicable en el caso de epígrafe se remite al Código Civil de Puerto Rico de 1930, puesto que, los hechos que dan base a esta tuvieron su lugar antes de la aprobación del nuevo Código Civil de Puerto Rico, Ley 55-2020, según enmendado.

Sobre el momento en que comienza a decursar el término prescriptivo para ejercer una acción por responsabilidad extracontractual, **la teoría cognoscitiva del daño establece que el mismo comienza a transcurrir cuando el reclamante conoció, o debió conocer que sufrió un daño, quién se lo causó y los elementos necesarios para poder ejercitar efectivamente su causa de acción**. *CSMPR v. Carlo Marrero et al.*, 182 DPR 411, 425-426 (2011); *COSSEC et al. v. González López et al.*, 179 DPR 793, 806 (2010). *(Énfasis nuestro).* Reiteradamente, nuestro Tribunal Supremo ha expresado que, **si el desconocimiento se debe a falta de diligencia, entonces no son aplicables estas consideraciones sobre la prescripción**. *Fraguada Bonilla v. Hosp. Aux. Mutuo*, supra, pág. 373; *Padín v. Cía. Fom. Ind.*, 150 DPR 403, 411 (2000); *Vega v. J. Pérez & Cía., Inc.*, 135 DPR 746 (1994). *(Énfasis suplido).*

El ordenamiento jurídico vigente permite la interrupción de los términos prescriptivos. A esos efectos, el Código Civil dispone que, "[l]a prescripción de las acciones se interrumpe por su ejercicio ante los tribunales, por reclamación extrajudicial del acreedor y por cualquier acto de reconocimiento de la deuda por el deudor". 31 LPRA sec. 5303. Una vez el término queda interrumpido, comienza a computarse nuevamente desde el momento en que se produce el acto interruptor. *Sánchez v. Aut. de los Puertos*, 153 DPR 559, 568 (2001).

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a resolver.

**III**

En esencia, la controversia ante nuestra consideración gira en torno a determinar si incidió el Tribunal de Primera Instancia al desestimar la causa de acción, con perjuicio, en contra del apelado García Cuevas, bajo el fundamento de prescripción. Veamos.

En su escrito, la parte apelante arguye que, incluyó al doctor García Cuevas como codemandado dentro del término prescriptivo de un (1) año, toda vez que, según la teoría cognoscitiva del daño, advino en conocimiento de su identidad para diciembre de 2020, cuando obtuvo el expediente médico del galeno, con respecto al señor Nieves Pagán.  No nos persuade.

A los fines de determinar si la causa de acción de la parte apelante está prescrita o no, es necesario remitirnos a los eventos procesales y fácticos del caso previamente esbozados.  Como dijimos, el accidente de tránsito que desembocó en el fallecimiento del señor Ortiz Colón y posteriormente de su hijo AOV, ocurrió el **23 de mayo de 2015**.

Del expediente ante nos, se desprende que, el **16 de mayo de 2016**, la parte apelante interpuso una *Demanda* sobre daños y perjuicios en contra del señor Nieves Pagán, por sí y en representación de la Sociedad Legal de Gananciales compuesta por éste y Fulana de Tal; **los Médicos Desconocidos A, B, C**; las Farmacias Desconocidas D, E, F; la Aseguradora Mapfre; Aseguradores G, H I; Individuos Desconocidos J, K L, sus respectivas esposas y las Sociedades Legales de Gananciales compuesta por éstos; y Corporaciones Desconocidas X, Y, Z. En síntesis, alegó que, el accidente y los daños causados por el señor Nieves Pagán fueron como consecuencia de conducir bajo los efectos de fármacos recetados y/o despachados de manera negligente e/o ilegal por algunos de los codemandados.

El **17 de mayo de 2016**, y, dicho sea de paso, dentro del término prescriptivo de un año, la parte apelante enmendó la *Demanda*, a los fines de traer al pleito como codemandados, a la doctora Ortiz de la Cruz y la Sociedad Legal de Gananciales compuesta por ésta y su esposo Sutano de Tal; así como también, al Negocio de Farmacia conocido como Súper Farmacia Villa Toledo.

Al examinar ponderadamente las alegaciones de la parte apelante contenidas en la *Demanda Enmendada*, interpuesta el **17 de mayo de 2016**, notamos que, desde el inicio, entabló el pleito bajo la teoría de que el codemandado, el señor Nieves Pagán, al momento del accidente, conducía su vehículo de motor bajo los efectos de fármacos y/o sustancias controladas, a sabiendas de que los efectos de estos le producían incapacidad para conducir un vehículo de motor.[3]

Por igual, en el mismo pliego alegó respecto a la doctora Ortiz de La Cruz y la Sociedad Legal de Gananciales compuesta con su esposo de nombre desconocido, que:

> [.....] Estos son responsables, por acción u omisión, en todo o en parte y le responden a los demandantes por los hechos y los daños a que se refiera la presente acción por su culpa, negligencia, al expedir recetas u órdenes médicas al Sr. José Nieves, para que éste obtuviese medicamentos controlados, los cuales no podían ser utilizados a la vez o mezclados, por sus componentes y efectos secundarios. Esto, a sabiendas de que este padecía de condiciones psiquiátricas, enfermedades fisiológicas y no se encontraba yendo a los especialistas correspondientes. El Sr. Nieves Pagán acudía a la oficina de ésta para repetir sus recetas de fármacos. [.....].[4]

Cabe destacar que, del Apéndice del recurso se desprende que, desde **octubre de 2016**, la doctora Ortiz de la Cruz, presentó ante el foro primario *Moción para que se Ordene Producir Récord Médico,* en la cual peticionó que se emitiera una orden al doctor García Cuevas para que este produjera copia certificada del expediente médico y/o tratamiento del paciente, señor Nieves Pagán.[5]

La aludida Orden fue expedida por el foro *a quo* **el 22 de noviembre de 2016.**

---

[3] Véase Anejo 3 del recurso, página 36.
[4] *Id,* págs. 36-37.
[5] Véase Anejo 6 del recurso.

El 3 de marzo de 2020, por primera vez, la parte apelante le solicitó al Tribunal que emitiera una orden dirigida a los planes médicos Humana y Parte D. de Medicare para que le proveyeran copia de los expedientes médicos del señor Nieves Pagán durante los últimos cinco (5) años.[6] La aludida orden fue expedida por el foro primario el 9 de marzo de 2020.[7]

Con posterioridad, es la doctora Ortiz de la Cruz quien, en junio, agosto y septiembre de 2020, acude al Tribunal en solicitud de que se le ordenara al doctor García Cuevas, la producción de los récords médicos del señor Nieves Pagán.[8]

No fue sino hasta el **16 de agosto de 2021**, que la parte apelante instó una *Segunda Demanda Enmendada*, a los fines de incluir como codemandado al doctor García Cuevas. Ello, luego de haber transcurrido poco más de seis (6) años de la ocurrencia del daño reclamado. Particularmente, en cuanto al doctor García Cuevas, alegó lo siguiente:

> [........]
> 5)     La presente acción se dirige contra el **Dr. Millán J. García Cuevas, psiquiatra** que trató durante años al co-demandado José L. Nieves Pagán y quien responde a la parte demandante por razón de sus actuaciones negligentes y culposas al constantemente expedir recetas de medicamentos controlados al Sr. Nieves Pagán, sin tomar en consideración c[ó]mo éstos le afectaban a él y a terceros; ni tampoco ordenar laboratorios que evaluaran la interacción entre estos medicamentos y lo que le causaban los mismos al Sr. Nieves Pagán, y sin tomar en consideración como podía afectar a terceros. No surge del expediente advertencias de los efectos que podrían tener en el Sr. Nieves Pagán y advertirle que éste debería abstenerse de guiar vehículos de motor mientras estuviese tomando esos medicamentos. Tampoco surge del expediente del Dr. Millán J. García Cuevas que se haya consultado con algún médico especialista en dolor o médico especialista en los problemas de dependencia física o efectos adictivos de estos medicamentos en la persona y como eso podría afectar no solamente al co-demandado Sr. Nieves Pagán sino a terceros como efectivamente ocurrió en los hechos que están ante la consideración de este Ilustre Tribunal.

---

[6] Véase anejo 8 del recurso.
[7] Véase anejo 9 del recurso.
[8] Véase Anejos 11 al 17 del recurso.

Cabe señalar que el Dr. Millán J. García Cuevas actuó igualmente de forma negligente y/o culposa al no tomar en consideración los efectos secundarios que podrían tener estos medicamentos incluyendo entre otros; mareos, soñolencia, sensación de desmayo, visión borrosa, alucinaciones, confusión. Lo que resulta evidentemente esencial que fuese advertido por sus médicos y que surgiese de forma escrita en los correspondientes expedientes médicos bajo la firma del entonces paciente aquí co-demandado Sr. Nieves Pagán, evidenciando la explicación de estas advertencias y el entendimiento que debería tener el Sr. Nieves Pag[á]n de dichas advertencias. Ellos siendo un elemento que incidió en los hechos que están ante la consideración del Tribunal por lo que le responde a la parte demandante de forma solidaria con las demás partes demandadas. Resulta evidente que la falta de evidencia de estas advertencias constituye un acto negligente o culposo del psiquiatra, Dr. Millán J. García Cuevas. Este co-demandado Dr. García Cuevas responde a la parte demandante por sus acciones negligentes y/o culposas al recetar medicamentos que no podían ser utilizados a la misma vez o mezclados por razón de sus componentes y efectos secundarios. Que al momento de los hechos arriba descritos, el co-demandado Dr. Millán J. García Cuevas realizaba actividades para beneficio de la Sociedad Legal de Gananciales compuesta por éste y su esposa desconocida Fulana m[á]s Cual.

6) Que la presente acción se dirige contra los médicos, cuya identidad se desconoce y se han identificado como **Médicos Desconocidos A, B,** y C, que se asume son médicos ofreciendo tratamientos bajo las leyes del Estado Libre Asociado de Puerto Rico, los cuales son directamente responsables, por acción u omisión, en todo o parte de los daños ocasionados a los demandantes, al expedir recetas u órdenes médicas de forma negligente, ilegal y/o contraria a derecho, al co-demandado Sr. José L. Nieves Pagán.
[........]

Es de notar que, en ningún momento, la parte apelante alegó en esa *Segunda Demanda Enmendada* en qué fecha advino en conocimiento de que el doctor García Cuevas brindó tratamiento médico al codemandado Nieves Pagán. Tampoco alegó que trae al pleito al galeno en sustitución de uno de los médicos desconocidos.[9]

Si bien en nuestro ordenamiento jurídico rige la teoría cognoscitiva del daño, la cual establece que el término prescriptivo

---

[9] No surge de los anejos del recurso de apelación que la parte apelante haya presentado moción al foro primario en solicitud de autorización para enmendar la demanda por segunda ocasión.

de (1) año en reclamaciones por daños extracontractuales comienza a transcurrir cuando el reclamante conoció, o debió conocer que sufrió un daño, quién se lo causó y los elementos necesarios para poder ejercitar efectivamente su causa de acción[10], esto no opera de manera ilimitada o de forma irrestricta. En específico, nuestra jurisprudencia ha reconocido que **"si el desconocimiento se debe a falta de diligencia, entonces no son aplicables estas consideraciones sobre la prescripción"**.[11] *(Énfasis nuestro).*

La parte apelante aduce que, "durante la etapa del descubrimiento de prueba", salió a relucir que el doctor García Cuevas había brindado tratamiento médico al señor Nieves Pagán. Arguye que, en una moción presentada el 13 de julio de 2020, por la doctora Ortiz de la Cruz, la parte apelante advino en conocimiento de la existencia de un nuevo facultativo médico que había tratado al señor Nieves Pagán.

Empero, al examinar el expediente surge que, **como mínimo, desde octubre de 2016**, ya la parte apelante tenía conocimiento o, al menos, indicios, de que el doctor García Cuevas había atendido al señor Nieves Pagán.  Ello, a raíz de que la codemandada, la doctora Ortiz de la Cruz, presentara ante el foro primario, *Moción para que se Ordene Producir Récord Médico,* en la cual peticionó que se emitiera una *Orden* dirigida al doctor García Cuevas para que este produjera copia certificada del expediente médico y/o tratamiento del paciente, señor Nieves Pagán.

Lo anterior, nos lleva forzosamente a concluir que, de la parte apelante haber ejercido un mínimo grado de diligencia, pudo haber indagado más a fondo sobre el tratamiento médico, si alguno, que le

---

[10] *CSMPR v. Carlo Marrero et al.*, supra, págs. 425-426; *COSSEC et al. v. González López et al.*, supra, pág. 806.
[11] *Fraguada Bonilla v. Hosp. Aux. Mutuo,* supra, pág. 373; *Padín v. Cía. Fom. Ind.,* supra, pág. 411; *Vega v. J. Pérez & Cía., Inc.*, supra.

hubiese brindado el doctor García Cuevas al señor Nieves Pagán para la fecha de la ocurrencia del fatídico accidente.

Sin embargo, la parte apelante, por el contrario, se cruzó de brazos y descansó su argumento en que, no pudo conocer la identidad del galeno y, por tanto, todos los elementos necesarios para ejercitar su causa de acción, hasta tanto se proveyó el expediente médico. Dicho lo anterior, no podemos acoger el argumento planteado por la parte apelante en su recurso. Pues, lamentablemente, no procuró indagar con premura sobre la identidad de uno de los presuntos co causantes del daño reclamado, particularmente, el apelado García Cuevas.

Según es sabido, las determinaciones de hechos y de credibilidad del tribunal sentenciador deben ser merecedoras de gran deferencia por parte de los foros apelativos[12]. Sin embargo, la deferencia judicial no es absoluta, pues podrá ser preterida en ciertas instancias. Nuestra Máxima Curia ha reiterado que los tribunales apelativos "no debemos intervenir con las determinaciones de los juzgadores de primera instancia, salvo que medie pasión prejuicio, parcialidad o error manifiesto"[13].

En fin, al evaluar concienzuda y ponderadamente los eventos procesales al palio de la normativa jurídica antes esbozada, coincidimos con las conclusiones del foro apelado, a los efectos de que, la causa de acción está prescrita en cuanto al doctor García Cuevas.

**IV**

Por los fundamentos antes expuestos, se confirma la *Sentencia Parcial* apelada.

---

[12] *Argüello v. Argüello*, 155 DPR 62 (2001); *Pueblo v. Bonilla Romero*, 120 DPR 92, 111 (1987); *Hernández Maldonado v. Taco Maker*, 181 DPR 281 (2011); *Autoridad de Acueductos y Alcantarillados de Puerto Rico*, 177 DPR 345, 356 (2009).
[13] *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007); *Álvarez v. Rivera*, 165 DPR 1, 25 (2005); *Rodríguez v. Concreto Mixto, Inc.*, 98 DPR 579, 593 (1970); *Rodríguez et al. v. Hospital et al.*, 186 DPR 889, 908-909.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones