Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| SUCESION DE LUZ M. RIVERA ROSADO, JUAN (JOHN) RIVERA, RIVERA - RIVERA, SOCIEDAD LEGAL DE BIENES GANANCIALES, Y OTROS<br><br>Apelantes<br><br>v.<br><br>HOSPITAL CARIBBEAN MEDICAL CENTER, CARIBE PHYSICIANS PLAZA CORPORATION (COMO OPERADOR DE HOSPITAL CARIBBEAN MEDICAL CENTER), DR. MIGUEL MATTA RIVERA, Y OTROS<br><br>Apelados | TA2025AP00359 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso número: FA2023CV00796<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# SENTENCIA

En San Juan, Puerto Rico, a 30 de octubre de 2025.

Comparece la parte apelante, Cybele Rivera, y nos solicita que revoquemos la *Sentencia Parcial* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de Fajardo, el 30 de julio de 2025. Mediante dicho dictamen, el foro primario declaró Ha Lugar la moción de desestimación presentada por la parte apelada, Puerto Rico Medical Defense Insurance Company. En su consecuencia, se desestimó con perjuicio la segunda demanda enmendada en contra de este último, por estar prescrita.

Por los fundamentos que exponemos a continuación, se confirma el dictamen apelado. Veamos.

**I**

El 19 de diciembre de 2022, Luz M. Rivera Rosado (Rivera Rosado), su esposo Juan Rivera (Rivera) y la Sociedad Legal de Gananciales compuesta por ambos (demandantes), incoaron una *Demanda*,[1] posteriormente enmendada,[2] sobre impericia médica y daños y perjuicios. Se incluyeron como demandados al Hospital Caribbean Medical Center (Hospital), Caribe Physicians Plaza Corporation como operador del Hospital Caribbean Medical Center, Dr. Miguel Matta Rivera, Dra. Iolani García Rosario, Dra. Bimely Torres Mellado y el Dr. Ubaldo Santiago Buono. Además, se acumularon como partes a las aseguradoras A, B, C, D, E y F, cuyos verdaderos nombres se desconocían.

En síntesis, los demandantes alegaron en la acción de epígrafe que, el 13 de diciembre de 2021, Rivera Rosado acudió a la sala de emergencia del Hospital por una infección en la rodilla derecha; fue admitida y, el 16 del mismo mes y año, fue sometida a un procedimiento de debridación del quiste. Sostuvieron que Rivera Rosado sufrió un derrame cerebral debido a una anticoagulación insuficiente monitoreada por los médicos codemandados. Alegaron que Rivera Rosado sufrió dolores y angustias mentales como consecuencias de las acciones y omisiones negligentes del Hospital durante su hospitalización.

En cuanto a Rivera, esposo de Rivera Rosado, alegaron que sufrió angustias y sufrimientos mentales, al igual que decaimiento emocional y pérdida de concentración, a causa de los daños sufridos por su esposa, debido a que todo su tiempo y su atención tenía que ser dedicado al cuidado de ella. Arguyeron que los mencionados daños fueron causados por una mala práctica médica en cuanto al

---

[1] Entrada Núm. 1 del Caso Núm. FA2022CV01229 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] Entrada Núm. 6 del Caso Núm. FA2022CV01229 del SUMAC.

manejo peri-operatorio de Rivera Rosado, el monitoreo inadecuado de esta y una anticoagulación negligente.

En lo pertinente a la controversia que nos ocupa, el 14 de julio de 2023, la Dra. Iolani García Rosario (Dra. García Rosario) presentó su *Contestación a la Demanda Enmendada.*[3] Sostuvo que, para la fecha de los hechos alegados, la compañía de seguros Puerto Rico Medical Defense Insurance Company (PRMDIC) tenía expedida una póliza de seguros a su favor.

Posteriormente, el 20 de diciembre de 2024, Rivera presentó una *Moción Solicitando Enmienda a la Demanda Para Sustituir a la Codemandante Fallecida Doña Luz M. Rivera Rosado por su Sucesión Integrada por Juan (John) Rivera y Cybele Rivera y Las Enmiendas Correspondientes como Consecuencia del Fallecimiento de Doña Luz.*[4] En la mencionada moción, solicitó al foro primario autorización para presentar una segunda demanda enmendada, a los efectos de sustituir a la codemandante Rivera Rosado e incluir alegaciones relacionadas a su muerte.

El 30 de diciembre de 2024, Rivera incoó una *Segunda Demanda Enmendada.*[5] En sustitución de Rivera Rosado, incluyó como parte codemandante a la Sucesión de esta, integrada por su esposo Rivera, por sí y como miembro de la Sucesión, y a su única hija, Cybele Rivera, como miembro de la Sucesión (Sucesión Rivera Rosado). Asimismo, incluyó —por primera vez– a PRMDIC como aseguradora de la Dra. García Rosario.

Por su parte, el 3 de abril de 2025, PRMDIC instó una *Moción de Desestimación por Prescripción,* mediante la cual alegó que la causa de acción en su contra estaba prescrita.[6] Argumentó que habían transcurrido diecisiete (17) meses desde que los

---

[3] Entrada Núm. 54 del Caso Núm. FA2022CV01229 del SUMAC.
[4] Entrada Núm. 149 del Caso Núm. FA2022CV01229 del SUMAC.
[5] Entrada Núm. 152 del Caso Núm. FA2022CV01229 del SUMAC.
[6] Entrada Núm. 193 del Caso Núm. FA2022CV01229 del SUMAC.

demandantes advinieron en conocimiento que era la aseguradora de la Dra. García Rosario.

El 23 de abril de 2025, Rivera y la Sucesión Rivera Rosado presentaron una *Moción Solicitando Enmienda a la Demanda,* a los efectos de, entre otras cosas, añadir una segunda causa de acción de daños, como consecuencia de la muerte de Rivera Rosado el 23 de noviembre de 2024.[7] En dicha enmienda, Cybele Rivera incluyó una reclamación por los daños personales como consecuencia de la muerte de Rivera Rosado. En particular, Cybele Rivera argumentó que había sufrido angustia mental y pérdida de la compañía de su madre y, que la ausencia permanente por la muerte de esta, había agravado su angustia y sufrimientos mentales.

Luego de varios trámites procesales, el 30 de julio de 2025, el Tribunal de Primera Instancia emitió y notificó la *Sentencia Parcial* que nos ocupa.[8] Mediante dicho dictamen, el foro *a quo* declaró Ha Lugar la moción de desestimación presentada por PRMDIC. En su consecuencia, desestimó con perjuicio la *Segunda Demanda Enmendada* en contra de este último, por estar prescrita. En particular, el foro primario expresó que, desde la contestación a la demanda presentada por la Dra. García Rosario, los demandantes conocían que esta tenía una póliza expedida a su favor por PRMDIC, al momento de los hechos. Señaló que los demandantes, conociendo la identidad de la aseguradora, se cruzaron de brazos y no enmendaron la demanda hasta diecisiete (17) meses después y que, al transcurrir ese tiempo sin ninguna gestión afirmativa para enmendar la demanda, no podían invocar la teoría cognoscitiva como razón para no haber reclamado oportunamente.

Inconforme, el 20 de septiembre de 2025, la parte apelante presentó el recurso de epígrafe y señaló el siguiente error:

---

[7] Entrada Núm. 197 del Caso Núm. FA2022CV01229 del SUMAC.
[8] Entrada Núm. 241 del Caso Núm. FA2022CV01229 del SUMAC.

Erró el Honorable Tribunal de Primera Instancia, Sala Superior de Fajardo, al dictar sentencia parcial declarando Ha Lugar la Moción de Desestimación presentada por la codemandada Puerto Rico Medical Defense Insurance Company y, como consecuencia, desestimando la Segunda Demandada Enmendada en contra de [e]sta, por estar prescrita, con perjuicio. Esto, a pesar de que la Demanda presentada por la codemandante[,] Cybele Rivera[,] se hizo dentro del término prescriptivo de un año[,] a partir de la muerte de su madre[,] Doña Luz M. Rivera Rosado; reclamando los daños y perjuicios sufridos por [e]sta como consecuencia de la muerte de su madre.

En cumplimiento con nuestra *Resolución* del 24 de septiembre 2025, la parte apelada compareció ante nos mediante *Alegato en Oposición a Escrito de Apelación de Puerto Rico Medical Defense Insurance Company (PRMDIC)* el 22 de octubre del año corriente.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II

La prescripción es un asunto de derecho sustantivo y no procesal. *García Pérez v. Corp. Serv. Mujer*, 174 DPR 138, 147 (2008); *Padín v. Cía. Fom. Ind.*, 150 DPR 403, 410 (2000). El Artículo 1189 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 9481, establece que "[l]a prescripción es una defensa que se opone a quien no ejercita un derecho o acción dentro del plazo de tiempo que la ley fija para invocarlo[…]". A esos efectos, el precitado artículo dispone que, "[l]as acciones prescriben por el mero lapso del tiempo fijado por ley". *Nevárez Agosto v. United Surety et al.*, 209 DPR 346 (2022); *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043, 1067 (2020). El propósito de la figura de la prescripción extintiva es ponerles certidumbre a las relaciones jurídicas y castigar la inacción de quien no ejerce sus derechos de manera oportuna. *Birriel Colón v. Econo y otro*, 213 DPR 80 (2023); *Santos de García v. Banco Popular*, supra.

Los términos prescriptivos varían según el tipo de derecho o acción. En lo pertinente al caso de autos, las acciones personales que no tienen términos especiales de prescripción señalados prescriben a los quince (15) años. 31 LPRA sec. 5294; *Xerox Corp. v.*

*Gómez Rodríguez y otros,* 201 DPR 945 (2019). Por otro lado, el Código Civil de Puerto Rico establece que las acciones de responsabilidad civil extracontractual prescriben por el transcurso de un (1) año. 31 LPRA sec. 5298; *Birriel Colón v. Econo y otro,* supra. Dicho término prescriptivo se computa de conformidad con la teoría cognoscitiva del daño adoptada por el Tribunal Supremo de Puerto Rico en *Colón Prieto v. Géigel,* 115 DPR 232, 243-247 (1984).

Bajo la teoría cognoscitiva del daño, el término prescriptivo comienza a transcurrir en el momento en el que el "reclamante conoció, o debió conocer que sufrió un daño, quién se lo causó y los elementos necesarios para poder ejercitar efectivamente su causa de acción". *Fraguada Bonilla v. Hosp. Aux.* Mutuo, 186 DPR 365, 374 (2012). No obstante, si el desconocimiento se debe a la falta de diligencia por parte del perjudicado, no serán de aplicación las consideraciones establecidas en la teoría cognoscitiva del daño. *Íd.*

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

La parte apelante plantea en su único señalamiento de error que el Tribunal de Primera Instancia incidió al dictar *Sentencia Parcial* declarando Ha Lugar la moción de desestimación promovida por la parte apelada, PRMDIC, y en su consecuencia, desestimar con perjuicio la *Segunda Demanda Enmendada* en su contra, por estar prescrita.

Luego de un examen sosegado del expediente ante nos, los escritos de las partes y la normativa aplicable, concluimos que el foro primario no erró en su determinación. Nos explicamos.

Conforme al Artículo 1189 del Código Civil de Puerto Rico de 2020, *supra,* las acciones prescriben por el mero lapso del tiempo. Es norma reiterada que, en las acciones para exigir responsabilidad extracontractual, el plazo de prescripción es de un (1) año. En

específico, sabemos que ese plazo comienza a transcurrir en el momento en que el reclamante conoció, o debió conocer, en lo pertinente a la controversia que nos ocupa, quién le causó el daño, además de conocer que sufrió un daño y los elementos necesarios para ejercitar su causa de acción.

En el caso ante nos, la Dra. García Rosario contestó la demanda el 14 de julio de 2023. En la mencionada contestación, nombró a la compañía aseguradora PRMDIC como la que tenía expedida a su favor una póliza de seguro de impericia profesional. Es en ese momento en que la parte apelante conoció, o debió conocer, el nombre de la compañía aseguradora. Con ese conocimiento, la parte apelante tenía la responsabilidad de enmendar la demanda, con toda prontitud, para sustituir el nombre ficticio de la compañía aseguradora por PRMDIC.

Sin embargo, la parte apelante no enmendó la demanda, sino hasta diecisiete (17) meses después de haber conocido el nombre de la aseguradora. En este caso, no cabe duda de que, según la teoría cognoscitiva del daño, en cuanto a la identidad o nombre de la compañía aseguradora, tiene como génesis el 14 de julio de 2023. El plazo prescriptivo de un (1) año, en cuanto a la identidad de la compañía de seguros, comenzó a correr desde ese momento.

Al enmendar la demanda en diciembre del año 2024, resulta evidente que el término prescriptivo había transcurrido, ya que había pasado más de un (1) año y cinco (5) meses. En ese sentido, es forzoso concluir que la acción en contra de PRMDIC ya estaba prescrita al momento en que se presentó la *Segunda Demanda Enmendada.*

Ahora bien, la mencionada moción de desestimación instada por PRMDIC es en cuanto a la *Segunda Demanda Enmendada.* El foro sentenciador nada expresó sobre la *Tercera Demanda Enmendada,* que fue incoada posteriormente. La parte apelada no

presentó una moción posterior, ni enmendó la moción ya presentada, para solicitar al foro primario la desestimación en cuanto a esa *Tercera Demanda Enmendada.*

Una vez el foro juzgador autorizó la *Tercera Demanda Enmendada,* tuvo el efecto de que la desestimación declarada en la *Sentencia Parcial* que nos ocupa es solamente en cuanto a la *Segunda Demanda Enmendada*; específicamente, en cuanto a la acción de la Sucesión Rivera Rosado en contra de la aseguradora. Eso significa que la *Tercera Demanda Enmendada* continúa vigente en todo lo demás. Es decir, que la causa de acción instada por Cybele Rivera, por sí misma, en contra de la aseguradora PRMDIC, sigue vigente.

En virtud de lo anterior, colegimos que no erró el foro apelado al emitir la *Sentencia Parcial* desestimando la *Segunda Demanda Enmendada* en contra de la parte apelada, PRMDIC. En fin, al evaluar ponderadamente los eventos procesales al palio de la normativa jurídica antes esbozada, coincidimos con la determinación del foro apelado.

**IV**

Por los fundamentos antes expuestos, confirmamos el dictamen apelado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones