ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| **AIDA MARTÍNEZ SANTIAGO**<br><br>Recurrida<br><br>v.<br><br>**FUNERARIA PACHECO, HÉCTOR L. PACHECO FONSECA, SUTANA DE TAL y la Sociedad Legal de Bienes Gananciales compuesta por ambos, ANA T. LÓPEZ ACOSTA, SUTANO DE TAL y la Sociedad Legal de Bienes Gananciales compuesta por estos, ESTADO LIBRE ASOCIADO DE PUERTO RICO, COMPAÑÍA DE FOMENTO INDUSTRIAL DE PUERTO RICO, COMPAÑÍA DE SEGUROS A, B, C, CORPORACIONES X, Y, Z, FULANO DE TAL y FULANA DE TAL**<br><br>Peticionarios | KLCE202401381 | **CERTIORARI**<br>procedente del Tribunal de Primera Instancia, Sala de **Yauco**<br><br>Civil Núm.:<br>**YU2018CV00170**<br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 28 de febrero de 2025.

Comparece ante nos la Compañía de Fomento Industrial de Puerto Rico (Fomento o parte peticionaria) y nos solicita, mediante la presente petición de *Certiorari*, que revoquemos la *Resolución sobre Desestimación*[1] emitida por el Tribunal de Primera Instancia, Sala Superior de Yauco (TPI), el 2 de diciembre de 2024. Mediante la aludida *Resolución sobre Desestimación,* el foro primario declaró

---

[1] Apéndice del recurso de *Certiorari*, págs. 1-6. Notificada y archivada en autos el mismo día.

sin lugar la *Urgente Moción Solicitando Desestimación,* presentada por la parte peticionaria.[2]

Por los fundamentos que discutiremos a continuación, expedimos el auto de *certiorari* solicitado y revocamos la *Resolución.*

## I.

El 24 de septiembre de 2018 la señora Aida Martínez Santiago (señora Martínez Santiago o parte recurrida) presentó una *Demanda* sobre daños y perjuicios contra la Funeraria Pacheco, el señor Héctor L. Pacheco Fonseca, la Señora Ana T. López Acostas, Sutano de Tal, Sutana de Tal y la sociedad legal de bienes gananciales compuesta por ambos, las Compañías Aseguradoras A, B y C, y las Corporaciones X, Y, Z.[3] Sobre la inclusión de demandados con nombres desconocidos, señaló:

> 7. Que por desconocer si alguno o todos los co-demandados operan como subsidiario o filial de una(s) corporación(es) extranjera(s) haciendo negocios en el Estado libre Asociado de Puerto Rico, o en la alternativa, de ser una(s) corporación(es) debidamente incorporada(s) en el Estado Libre Asociado de Puerto Rico, designamos a esas corporaciones X, Y, Z.
>
> 8. Se incluyen también como codemandados con nombre ficticio por desconocerse sus verdaderos nombres en estos momentos a las personas naturales y/o jurídicas Fulano de Tal y Fulana de Tal, quienes pudieran ser responsables y que deban responderles en su capacidad personal y/[u] oficial por sus actos, y/u omisión a la demandante por los daños sufridos por ésta.

En el referido escrito, la parte recurrida alegó que el 22 de octubre de 2017 se encontraba en las facilidades de la Funeraria Pacheco bajando por una rampa, que se encontraba agrietada, partida y desnivelada, sufriendo una caída que le provocó lesiones y contusiones en sus rodillas. En específico, adujo también lo siguiente:

> 12. Que por acción y omisión, interviniendo culpa o negligencia por parte de los demandados, dio lugar a

---

[2] *Íd.,* Apéndice del recurso de *Certiorari,* págs. 70-77.
[3] Apéndice del recurso de *Certiorari,* págs. 7-9.

que por tal descuido y negligencia la parte demandante sufriera los siguientes daños:

Daños físicos sufridos por la demandante, Aida Martínez Santiago, incluyendo lesiones y contusiones en su rodilla derecha e izquierda, los cuales se estiman sobrepasan la cantidad de VEINTE MIL DOLARES ($20,000.00).

[...]

13. Los codemandados, responden solidaria y/o mancomunadamente por los daños y perjuicios ocasionados a la demandante, a raíz de los actos y/o omisiones culposas y negligentes, en la forma de haber omitido su deber de mantener las facilidades en óptimas condiciones, libres de peligrosidad. Los codemandados fueron negligente al no tomar medidas efectivas para evitar que personas ajenas a la condición de peligrosidad utilizaran la rampa y sufrieran accidentes como el que motiva este caso.

14. No se renuncia a enmendar la demanda de surgir daños adicionales no contemplados en la demanda radicada.

Luego de algunos trámites procesales, el 20 de diciembre de 2022, la señora Martínez Santiago presentó una *Moción para Solicitar Autorización para Enmendar Demanda.*[4] En la referida moción, arguyó que durante el descubrimiento de prueba advino en conocimiento de que la Compañía de Fomento Industrial era el dueño y/o titular de la estructura en donde ocurrió el accidente. Por tal razón, solicitó al foro primario enmendar la demanda para añadir a Fomento como parte demandada.

Mediante *Orden* emitida el 21 de diciembre de 2022, el Tribunal de Primera Instancia autorizó traer como parte indispensable a Fomento, pues resolvió que esta última fue incluida como Corporaciones X, Y, Z, en el momento en que se radicó la demanda.[5] En consecuencia, y aplicando la Regla 15.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 15.4, el TPI permitió la sustitución del demandado "Corporaciones X, Y, Z" por Fomento.

---

[4] *Íd.* págs. 10-15.
[5] Apéndice del recurso de *Certiorari,* pág. 16.

Así las cosas, el 13 de abril de 2023, Fomento presentó una *Urgente Moción Solicitando Desestimación*.[6] En síntesis, adujo que procedía la desestimación de la acción en su contra pues no procedía la sustitución de este como demandado desconocido, pues no se cumplieron con los requisitos establecidos en la Regla 15.4 de Procedimiento Civil de Puerto Rico. La parte peticionaria alegó que, la señora Martínez Santiago incluyó en su escrito a Corporaciones X, Y, Z de manera limitada para incluir posibles corporaciones que sean filiales de los demandados. Del mismo modo, arguyó que de la *Demanda* no surge alguna alegación directa contra las Corporaciones X, Y, Z. Adujó que la parte recurrida no conocía la verdadera identidad de Fomento, y no realizó gestiones diligentes para dar con el paradero de estos. Por otro lado, arguyó que la señora Martínez Santiago no interrumpió el término prescriptivo de forma alguna contra este, por lo que adujo que la causa de acción estaba prescrita.

En respuesta, el 12 de mayo de 2023 la señora Martínez Santiago presentó su *Réplica a Moción de Desestimación*.[7] En síntesis, adujo que fue proactiva en la tramitación de la causa de acción mediante un intenso descubrimiento de prueba, realizando un pliego de interrogatorio en el año 2019 y una deposición en el 2022. Alegó que en la deposición advino en conocimiento de que existía un contrato de arrendamiento entre la codemandada Funeraria Pacheco y Fomento.

El 14 de mayo de 2023, notificado el 23 del mismo mes y año, el Tribunal de Primera Instancia emitió una *Orden* en la cual resolvió que coincide con la señora Martínez Santiago en que no fue hasta la toma de la deposición que esta advino en conocimiento de la relación contractual de los codemandados con Fomento, siendo ese momento

---

[6] *Íd.* págs. 17-23.
[7] *Íd.* págs. 24-29; 49-50.

el punto de partida para la parte recurrida conocer a un cocausante del daño.[8] Por lo que concluyó que esta fue la razón de la presentación de la demanda enmendada, para incluir a Fomento dentro del término prescrito por ley.

El 25 de mayo de 2023 Fomento presentó una *Moción sobre Réplica de Demandante y en Solicitud*.[9] En esencia, alegó que la parte recurrida no ejerció acciones diligentes para conocer de la existencia de Fomento por lo que no se debía sustituir los nombres ficticios por el de éste. De la misma forma, arguyó que la señora Martínez Santiago debió haber tenido alegaciones específicas contra Fomento en la *Demanda*. Por lo que, solicitó al foro primario realizar un descubrimiento de prueba antes de presentar una alegación responsiva.

Luego de varios trámites procesales, el 25 de marzo de 2024 Fomento presentó una *Urgente Moción Solicitando Desestimación*.[10] En síntesis, adujo que luego de un descubrimiento de prueba, la señora Martínez Santiago no logró probar que realizó una investigación para conocer quiénes eran los causantes de sus daños, específicamente no preguntó en su primer pliego de interrogatorio cursado a los codemandados en el año 2019, a quién pertenecía el edificio donde estaba la Funeraria Pacheco. Arguyó, del mismo modo, que se denotaba su falta de diligencia al esperar hasta el año 2022 para preguntar por primera vez a los codemandados a quién pertenecía el edifico donde estaba la funeraria en la deposición. Alegó que la falta de diligencia por la parte recurrida provocó el incumplimiento con los requisitos establecidos en nuestro ordenamiento jurídico para la reclamación contra un cocausante desconocido.

---

[8] Apéndice del recurso de *Certiorari*, pág. 54.
[9] *Íd.* págs. 55-59.
[10] *Íd.* págs. 70-77.

Finalmente, el 2 de diciembre de 2024 el Tribunal de Primera Instancia emitió una *Resolución sobre Desestimación*.[11] En esencia, el foro primario declaró **No Ha Lugar** a la moción presentada por Fomento y ordenó sustituir a la codemandada Corporaciones X, Y, Z por Fomento. El Tribunal de Primera Instancia resolvió que la enmienda a la demanda presentada por la parte recurrida se presentó de manera oportuna y no se violentó, de alguna forma, los derechos de esta parte por lo que podía comparecer y defenderse de las alegaciones que surgen de la demanda en su contra.

Inconforme, el 20 de diciembre de 2024 la parte peticionaria presentó una petición de *Certiorari*, y nos plantea la comisión de los siguientes errores:

> **PRIMER SEÑALAMIENTO DE ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL PERMITIR LA SUSTITUCIÓN DE PARTE, CUANDO NO SE CUMPLEN CON LOS CRITERIOS DISPUESTOS EN LA REGLA 15.4 DE LAS DE PROCEDIMIENTO CIVIL.**
>
> **SEGUNDO SEÑALAMIENTO DE ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO DESESTIMAR LA CAUSA DE ACCIÓN POR ESTAR PRESCRITA, YA QUE NO SE CUMPLEN CON LOS CRITERIOS PARA LA TEORÍA COGNOSITIVA DEL DAÑO.**

## II.

### A.

El auto de *certiorari* es aquel vehículo procesal extraordinario, de carácter discrecional, que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); Véase, además a *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). Para este recurso discrecional, existen unos parámetros que sirven de guía al momento de decidir si debemos

---

[11] Apéndice del recurso de *Certiorari*, págs. 1-6. Notificada y archivada en autos el mismo día.

expedir o denegar el auto. De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1.

La Regla 52.1 de Procedimiento Civil dispone que un recurso de *certiorari* sólo será expedido cuando se recurra de una resolución u orden bajo las Reglas 56 (Remedios Provisionales) y 57 (Injunctions) de Procedimiento Civil o una denegatoria de una moción de carácter dispositivo. Además de lo anterior, y a modo de excepción, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias cuando se recurra de decisiones sobre: 1) la admisibilidad de testigos de hecho o de peritos esenciales; 2) asuntos relativos a privilegios probatorios; 3) anotaciones de rebeldía; 4) casos de relaciones de familia; 5) casos que revistan interés público; o, 6) cualquier otra situación en la cual esperar la apelación constituiría un fracaso irremediable de la justicia.

Una vez adecuadamente presentado un recurso de *certiorari*, el Tribunal de Apelaciones deberá ejercer su discreción y evaluar la petición tomando en consideración los criterios enumerados en la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. Deberá evaluar:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Aun así, cuando el Tribunal de Apelaciones determina, en su sana discreción, denegar la expedición de un recurso de *certiorari*, no tiene que fundamentar su determinación. *Íd.*, R. 52.1.

**B.**

La Regla 15.4 de Procedimiento Civil dispone que:

Cuando una parte demandante ignore el verdadero nombre de una parte demandada, deberá hacer constar este hecho en la demanda exponiendo la reclamación específica que alega tener contra dicha parte demandada. En tal caso, la parte demandante podrá designar con un nombre ficticio a dicha parte demandada en cualquier alegación o procedimiento, y al descubrirse el verdadero nombre, hará con toda prontitud la enmienda correspondiente en la alegación o procedimiento.

"Esta Regla trata de aquellas ocasiones en las cuales se conoce la identidad de la persona a quien se va a demandar, pero se desconoce el nombre de esa persona natural o jurídica". J.A. Echevarría Vargas, *Procedimiento civil puertorriqueño*, 3ª ed. rev., Bogotá, Ed. Nomos S.A., 2023, pág. 183; *Padín v. Cía. Fom. Ind.*, 150 DPR 403 (2000). En estos casos, procede atribuirle a aquella parte desconocida un nombre ficticio, como "Fulano de Tal", "John Doe" o "Compañía X, Y, Z". Tan pronto se conozca el nombre de aquella persona/parte, la parte demandante viene obligada a sustituirlo. El efecto de esto es que, al demandar a una persona de nombre desconocido, se interrumpe el término prescriptivo que opera a favor de la parte.

En *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR 365 (2012), el Tribunal Supremo distinguió entre la aplicación de la doctrina de demandado de nombre desconocido y la situación en la que el demandado es desconocido. Señaló en una nota al calce:

Es necesario aclarar que en el caso ante nos no aplica la Regla 15.4 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III), sobre parte demandada de nombre desconocido. **Como es sabido, el solo hecho de incluir en una demanda la mención de un nombre ficticio para un demandado no hace que aplique automáticamente esta regla**. Esta regla **exige que se exponga la reclamación específica y que se conozca la identidad del demandado**.

Al examinar la alegación incluida en la demanda nos percatamos que es en extremo sucinta; **no se expuso una reclamación de manera específica como requiere la Regla 15.4,** *supra*. **Estamos ante una situación de demandado desconocido, por lo que no aplica la citada regla**. Aun en el supuesto de que nos encontráramos ante un caso de demandado de nombre desconocido, los demandantes no cumplieron con la exigencia de la Regla 15.4, *supra*, de realizar la enmienda correspondiente con toda prontitud al descubrirse el nombre verdadero.

*Íd.*, pág. 369, esc. 2. (Énfasis nuestro).

El Tribunal de Apelaciones ha abundado sobre el tema, señalando que:

Existe una distinción entre ***nombre e identidad***, y aunque la diferencia parezca sutil, no lo es. La diferencia estriba en que **si el demandante no conoce la identidad del demandado no puede valerse del beneficio de esta regla que consiste en interrumpir el término prescriptivo en cuanto al demandado de nombre desconocido.**

En cuanto a la Regla 15.4, *supra,* la norma vigente en Puerto Rico es que cuando en la demanda se intenta alegar una causa contra un demandado a quien se designa con un nombre ficticio por ser demandado de nombre desconocido y su verdadero nombre se descubre posteriormente, haciéndose la correspondiente sustitución mediante enmienda, se le considera como parte en el pleito desde la interposición de la demanda original. **Por el contrario, esta norma no es de aplicación cuando la demandante no conoce la identidad del demandado. Por lo tanto, para que un demandado desconocido se considere parte del pleito, es necesario que luego de que el demandante conozca su identidad lo emplace conforme a la Regla 4 de Procedimiento Civil, 32 LPRA Ap. V., R. 4**.

*Ayala v. Supermercados Econo, Inc.*, KLCE202301034, págs. 6-7. (Panel integrado por su presidente, el Juez Hernández Sánchez (juez ponente), la Jueza Romero García y la Jueza Martínez Cordero). (Énfasis nuestro).[12]

---

[12] Véase, además, *Matos Cabrera v. Hosp. HIMA San Pablo Caguas*, KLCE201901106 cons. KLCE201901288. (Panel integrado por su presidente, el

La Regla 15.4 de Procedimiento Civil aplica en las situaciones en las que existe un demandado de *nombre* desconocido. Entiéndase por esto aquellas situaciones en las que la parte demandante conoce la *identidad* de la parte demandada, pero no puede especificar su *nombre*. A modo de ejemplo, dicha situación ocurre cuando una parte demandante presenta una demanda sobre daños y perjuicios en contra de la persona que conducía un carro que causó un accidente de tránsito. La parte demandante presenta demanda en contra del conductor conocido, e incluye su nombre. No obstante, la parte demandante conoce que el conductor demandado tiene una póliza de seguros por accidente automovilísticos, pero no conoce el nombre de aquella aseguradora.

En esta situación, la Regla 15.4 de Procedimiento Civil, *Íd.*, R. 15.4, permite que la parte demandante presente la demanda en contra de la aseguradora de nombre desconocido, dándole un nombre ficticio como "Compañía X". Además de incluir a la aseguradora de nombre desconocido en el epígrafe de la demanda, también deberá presentar alegaciones específicas en contra del demandado de nombre desconocido que cumplan con la Regla 6.1 de Procedimiento Civil, *Íd.*, R. 6.1. Esto tiene el efecto de paralizar el término prescriptivo en contra de aquel demandado de nombre desconocido a partir de la presentación de la demanda. Luego de esto, el demandante tiene el deber de realizar las *debidas diligencias* para descubrir el nombre de la aseguradora. Cuando descubra el nombre de la aseguradora, la Regla 15.4, *Íd.*, R. 15.4, le permite a la parte demandante solicitar la enmienda de la demanda original con los propósitos de sustituir a la "Compañía X" por la aseguradora cuyo nombre ya se conoce. En este escenario, no es necesario que

---

Juez Hernández Sánchez (juez ponente), la Juez Brignoni Mártir y la Juez Grana Martínez).

se expida un emplazamiento para incorporar el demandado de nombre desconocido al pleito.

Distíngase esta situación de aquella en la que la parte demandante desconoce el *nombre e identidad* de la parte demandada. En esta situación, la parte demandante desconoce por completo la identidad de la parte que podrá ser demandada. No puede presentar alegaciones en su contra porque no conoce de su existencia. Siempre partiendo de la buena fe, si la parte demandante llega a conocer el nombre e identidad de un posible demandado durante la tramitación de un pleito, aplicaría la teoría cognoscitiva del daño. "La referida teoría establece que una causa de acción en particular surge cuando el perjudicado descubrió o pudo descubrir el daño **y quién lo causó**, y conoció los elementos necesarios para poder ejercitar efectivamente su causa de acción". *COSSEC et al. v. González López et al.*, 179 DPR 793, 806 (2010). (Énfasis nuestro). Ahora bien, "si el desconocimiento que impide ejercer la acción se debe a la falta de diligencia del reclamante, entonces no son aplicables estas consideraciones liberales sobre la prescripción". *Padín v. Cía. Fom. Ind.*, *supra*, pág. 411. El Tribunal Supremo ha resuelto que "[e]n la doctrina civilista, cuando se examina lo relativo a la prescripción de las acciones civiles torticeras, la tendencia más liberal, por consideraciones de justicia, es la de requerir que ***fuese conocible la identidad del autor del daño* para que pueda correr el término prescriptivo**". *López v. Autoridad de Carreteras*, 133 DPR 243, 255 (1993). (Énfasis nuestro y en la original). Al aplicar la teoría cognoscitiva del daño, el Tribunal ha concluido que:

> La correspondiente postergación del término prescriptivo supone que el reclamante no sabía *ni podía saber* quién fue el autor. Pero **si no hay un elemento fáctico o material que impida conocer quién es el responsable**, **si el desconocimiento se debe a la falta de investigación o diligencia del reclamante**, entonces no procede este requisito sobre la identidad del autor que en la doctrina liberal se ha sobreimpuesto a la normativa sobre la prescripción.

*Íd.,* pág. 256. (Énfasis nuestro y en la original).

Como se puede apreciar, el Tribunal Supremo ha resuelto que la teoría cognoscitiva del daño permite que el término prescriptivo comience a transcurrir luego de que la parte demandante conociera del autor del daño y que, hasta aquel momento, haya obrado de manera diligente y de buena fe para conocer su identidad. Es decir, aplicará si la información sobre el autor estaba disponible y accesible, el demandante haya realizado una investigación razonable y responsable, y si pese lo anterior, no haya logrado descubrir la identidad del autor del daño.

### III.

Luego de exponer el derecho aplicable, nos encontramos en posición para resolver. La parte peticionaria nos ha presentado dos errores: (1) erró el TPI al aplicar incorrectamente la Regla 15.4 de Procedimiento Civil y permitir la sustitución de la Compañía X, Y, Z por Fomento; y, (2) erró el TPI al resolver que la causa de acción presentada en contra de Fomento no estaba prescrita según la teoría cognoscitiva del daño.

Con relación al primer error señalado, resolvemos que se cometió. El 24 de septiembre de 2018, la parte demandante presentó una *Demanda* en la que demandó directamente a la Funeraria Pacheco. En la referida *Demanda*, incluyó como partes desconocidas a Fulano de Tal y la Corporación X, Y, Z, y dispuso que:

> Se incluyen también como codemandados con nombre ficticio por desconocerse sus verdaderos nombres en estos momentos a las personas naturales y/o jurídicas Fulano de Tal y Fulana de Tal, quienes pudieran ser responsables y que deban responderles en su capacidad personal y/[u] oficial por sus actos, y/u omisión a la demandante por los daños sufridos por ésta.

Procede, entonces, determinar si dicha alegación es lo suficientemente específica para poder concluir si la parte demandante conocía de la identidad del demandado con nombre

desconocido. Recordemos que la Regla 15.4 de Procedimiento Civil aplica cuando la parte demandante demuestre que conoce la identidad de una parte demandada, pero desconoce su nombre. De no ser así, estamos ante el desconocimiento total del demandado, por lo que no procedería la aplicación de la Regla 15.4.

Al evaluar la alegación contenida en la *Demanda*, concluimos que la misma no le imputa responsabilidad específica al demandado con nombre ficticio señalado. Es decir, no se puede concluir que la parte demandante conocía la identidad de Fomento, como dueño del inmueble en el que reside la Funeraria Pacheco, pero que desconocía de su nombre. De manera análoga, hacemos referencia al ejemplo de la aseguradora que tiene un conductor involucrado en un accidente de tránsito. En ese caso, la parte demandante señala a la aseguradora de nombre desconocido como responsable de los daños en su calidad como aseguradora del conductor. No podemos concluir que esta especificidad estuvo presente en la *Demanda* presentada.

Tras concluir que no estamos ante el supuesto contemplado por la Regla 15.4, debemos aplicar las normas relevantes al demandado desconocido. Estas requieren que al descubrirse la identidad de un demandado, se proceda con su acumulación al pleito mediante el mecanismo del emplazamiento. No procede, como permite la Regla 15.4 de Procedimiento Civil, que se incorpore el demandado al pleito mediante una sustitución de parte. Por lo tanto, es forzoso concluir que se cometió el primer error señalado.

En cuanto al segundo error señalado, debemos determinar si aplica la teoría cognoscitiva del daño. Como hemos señalado, la teoría cognoscitiva del daño dispone que el término prescriptivo de un (1) año que tiene la parte demandante para presentar una acción en daños y perjuicios en contra del responsable del daño, comienza a transcurrir cuando la parte afectada conozca: (1) de la existencia

del daño; y, (2) de la identidad del autor del daño. No obstante, la liberalidad con la cual se aplica la teoría cognoscitiva del daño no procede cuando el desconocimiento se debe a la falta de diligencia de la parte demandante o si esta obró de mala fe. Es decir, si la propia conducta de la parte demandante es la causa de su desconocimiento, no debemos aplicar el término favorable de la teoría cognoscitiva del daño.

Ciertamente, el análisis sobre la debida diligencia que debería utilizar la parte demandante para descubrir la identidad de la parte demandada es uno que se debe realizar caso a caso, por lo que no existe un criterio universal. En ocasiones, el Tribunal Supremo y los tratadistas han utilizado la figura mítica de la persona prudente y razonable, por lo que pudiésemos concluir que la diligencia necesaria deberá evaluarse a base de su razonabilidad.

Como parte del descubrimiento de la prueba, el 24 de junio de 2019, la parte demandante presentó un *Primer Pliego de Interrogatorio*, en el que le realizó una serie de preguntas y requerimientos a la parte demandada. Surge que en el *Pliego Interrogatorio* no se realizaron preguntas ni requerimientos para indagar sobre si el local en donde se ubicaba la Funeraria Pacheco estaba alquilado, por lo que no se proveyó la respuesta en las contestaciones presentadas el 10 de julio de 2019. No fue hasta el 30 de marzo de 2022 que la parte demandante, mediante una deposición a la señora Ana Tahiry López Acosta, advino en conocimiento de que el local era propiedad de Fomento, que le arrendaba el edificio a la Funeraria Pacheco.

Si bien no podemos requerir que se realice un descubrimiento de prueba completo antes de presentar una demanda en contra de un demandado, la parte demandante debe tener algún grado de diligencia y realizar una investigación para descubrir los elementos de su causa de acción. Esta investigación debe estar dirigida a las

causas de la acción y a conocer el nombre y la identidad de posibles demandados desconocidos. En este sentido, las partes están obligadas a utilizar las herramientas del descubrimiento de prueba de una manera prudente y oportuna, no dejando así que transcurra el tiempo entre la acción dañosa y la acumulación de la parte. Al evaluar el caso de autos, es forzoso concluir que la parte demandante no ejerció la diligencia mínima que se requiere para identificar todos los posibles demandados en el caso, en particular, a Fomento.

Recordemos que, entre la presentación de la *Demanda* y la acumulación de Fomento como parte, transcurrieron más de cuatro (4) años. La diligencia mínima que se requiere para la aplicación de la teoría cognoscitiva del daño existe precisamente para que el lapso del tiempo no perjudique a la parte demandada y la deje en un estado de indefensión. Debemos concluir que, a base de los hechos particulares de este caso, la parte demandante no ejerció la debida diligencia necesaria para conocer la identidad de la parte demandada. En consecuencia, se cometió el segundo error señalado. Por tanto, no es de aplicación la teoría cognoscitiva del daño, teniendo como efecto que la causa de acción contra Fomento esté prescrita.

En resumen, resolvemos que se cometieron los errores señalados. Según los hechos, no procedía la aplicación de la Regla 15.4 de Procedimiento Civil ni la teoría cognoscitiva del daño. Revocamos la determinación recurrida y desestimamos la causa de acción presentada en contra de Fomento al estar prescrita.

**IV.**

Por las razones discutidas, expedimos el auto de *certiorari* solicitado y revocamos la *Resolución.* Devolvemos el caso al TPI para que continúen los procedimientos conforme lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones